

*HURD*

(27)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
LAWRENCE K. BAERMAN, CLERK

NOV 2 8 2000

FILED

SYRACUSE, NY

JAMIE A. DAVIDSON,

             **Petitioner**

      **vs.**

UNITED STATES OF AMERICA

00-CV-00869

**APPEARANCES:**

**OF COUNSEL:**

**JAMIE A. DAVIDSON**
Petitioner
Reg. No. 37593-053 (C-3/310)
FCI Edgefield
Post Office Box 724
Edgefield, SC 29824

**HON. DANIEL FRENCH**
United States Attorney
P. O. Box 7198
Syracuse, NY 13261-7198

**JOHN DUNCAN**
Assistant U.S. Attorney

### MEMORANDUM-DECISION AND ORDER

McCURN, Senior Judge:

Acting *pro se*, Jamie Davidson moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct a sentence imposed by this court. His § 2255 motion is accompanied by numerous related motions seeking various relief. Although Davidson's § 2255 motion is untimely, the court equitably tolls the applicable statute of limitations for the unique reasons set forth below. Because Davidson fails to present any colorable claim on his § 2255 motion, the court denies that motion on the

-1-

AO 72A
(Rev.8/82)

merits.   Further, after due consideration, Davidson's additional related motions are denied as moot.

## BACKGROUND

In 1993, after a two-month jury trial, Davidson was convicted along with several other defendants on various charges stemming from the drug-related murder of an undercover Syracuse police officer who had been deputized as a federal agent. Specifically, Davidson was found guilty of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846; distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; murder in the attempt to perpetrate a robbery in violation of 18 U.S.C. §§ 111, 114, and 2; murder during the commission of and in furtherance of a conspiracy to distribute cocaine in violation of 21 U.S.C. 848(e)(1)(B) and 18 U.S.C. § 2; and using, or aiding, abetting and causing the use of, a firearm in a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and (2).   This court subsequently sentenced Davidson to life imprisonment plus five years.   The Second Circuit affirmed the conviction, see United States v. Thomas, 34 F.3d 44 (2d Cir. 1994), and the Supreme Court denied certiorari.   See Davidson v. United States, 513 U.S. 1166, 115 S. Ct. 1134 (1994).   Davidson now brings the instant § 2255 motion and related motions before this court.

-2-

## DISCUSSION

### I. Timeliness of the § 2255 Motion

A threshold issue exists as to the timeliness of Davidson's § 2255 motion. A one-year statute of limitations applies to all § 2255 motions, see 28 U.S.C.A. 2255 (West Supp. 2000), and prisoners whose convictions became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have a one-year grace period which expired on April 24, 1997. See Mickens v. United States, 148 F.3d 145, 148 (2d Cir. 1998).

Davidson's § 2255 motion is clearly untimely on its face. His conviction became final in February 1995 upon the Supreme Court's denial of certiorari, and his § 2255 motion was filed on June 5, 2000 -- more than three years after the one-year grace period expired. Davidson argues, however, that the limitations period should be equitably tolled and this court should excuse his delay in filing the instant motion. This argument has merit.

By letter dated March 6, 1997, Davidson asked this court whether the then-newly enacted AEDPA would apply retroactively to him and, thus, require him to file his § 2255 motion by April 22, 1997 (see Davidson Ltr, Docket No. 6, Exh A). In the event the AEDPA applied to him, Davidson sought an extension from

-3-

April 24, 1997 "due to the complexity of [his] case" and the issues on appeal.  Id.  By reply letter dated March 17, 1997, this court, by its law clerk, advised Davidson that language contained in Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997) and Reyes v. Keane, 90 F.3d 676 (2d Cir. 1996) suggested that the AEDPA's statute of limitations did not apply to him and, therefore, he would not need an extension of time to file his § 2255 motion (see Law Clerk's Ltr, Docket No. 6, Exh B).[1]

Davidson argues that, but for this court's letter assuring him that he was not subject to the one-year statute of limitations, he would have timely filed his § 2255 motion. Davidson asserts that the unique circumstances of this case demand that the limitations period should be tolled.  The government opposes an equitable tolling of the statute of limitations, contending that Davidson had an opportunity to

---

[1] At the time of the broad reading given to Reyes and Lozada in the above letter, the effect of the one-year statute of limitations contained in the AEDPA on prisoner's whose convictions became final prior to the effective date of the Act was unclear.  In light of the Supreme Court's decision in Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997), the Court of Appeals subsequently overruled both Lozada and Reyes even though neither case concerned section 2254(d).  See United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997)(overruling Lozada); Nelson v. Walker, 121 F.3d 828, 832-33 & n. 3 (2d Cir. 1997) (overruling Reyes with respect to the retroactivity of section 2253, but not with respect to the one-year statute of limitations provision).

-4-

timely file the motion and, thus, the motion is untimely regardless of whether Davidson detrimentally relied on any advice given by this court. Additionally, the government contends that even if equitable tolling applies, Davidson did not diligently pursue his claims because he waited three years after the March 1997 letter to bring this § 2255 motion.

Equitable tolling permits courts to "extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)(noting that the Court has applied the doctrine "as a matter of fairness" where a plaintiff has been "prevented in some extraordinary way from exercising his rights, or ha[s] asserted his rights in the wrong forum.")(citation omitted). Recently, the Second Circuit held that courts have the power to equitably toll the one-year statute of limitations contained in § 2244(d), or the one-year grace period announced in Ross v. Artuz, 150 F.3d 97 (2d Cir. 1998). See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.)(per curiam), cert. denied, __ U.S. __, 121 S. Ct. 104 (2000). In determining whether to equitably toll the one-year statute of limitations, the Smith court examined whether (1) extraordinary circumstances prevented the petitioner from filing his petition on time, and (2) petitioner acted with reasonable diligence throughout the period he sought to toll.

-5-

Id.

Here, Davidson's detrimental reliance on this court's March 1997 letter advising him that the statute of limitations did not apply to his § 2255 motion constitutes a rare and exceptional circumstance which warrants equitable tolling.  If not for the letter, Davidson may have timely filed his motion.  In addition, Davidson cannot be faulted for the delay in filing his motion.  Davidson undoubtedly read this court's letter to mean that he was operating under § 2255 as it existed prior to the enactment of the AEDPA.  Prior to the enactment of the AEDPA, of course, Davidson could have made his motion "at any time."  See Mickens v. United States, 148 F.3d at 147.  Given the rare circumstances surrounding this motion, the court determines that Davidson acted with reasonable diligence.  In sum, the court is compelled to equitably toll the statute of limitations and deem Davidson's submission timely filed.

## II.  Failure to Raise Claims on Direct Appeal

Certain procedural limitations exist which constrain a prisoner's ability to have claims considered on collateral review.  Specifically, the failure to raise a particular ground on direct appeal will generally bar consideration of that claim in a subsequent § 2255 motion unless the movant establishes either (1) both cause for the procedural default and actual

-6-

prejudice resulting therefrom, see United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584 (1982), or (2) that he is actually innocent of the crime for which he has been convicted. See Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998), cert. denied, 527 U.S. 1012, 119 S. Ct. 1584 (1999).

### A. Failure to Raise Ineffective Assistance of Counsel Claims on Direct Appeal

The majority of Davidson's arguments on this § 2255 motion center around alleged ineffective assistance of trial counsel. Davidson claims that virtually every aspect of his counsel's performance during the trial was constitutionally deficient.  It is undisputed, however, that Davidson did not raise any ineffective assistance claims on his direct appeal.

In contrast to the general rule stated above, Sixth Amendment ineffective assistance claims raised in a § 2255 motion are exempt from the procedural bar to collateral review. However, a narrow exception to the general rule exists where (1) the movant was represented by new appellate counsel on the direct appeal, and (2) the claim is based solely on the record at trial.  See Billy-Eko v. United States, 8 F.3d 111, 115 (2d Cir. 1993).  Thus, in this narrow category of cases, the movant "must still show cause for not bringing the ineffective assistance claim on direct appeal, and prejudice resulting

-7-

therefrom." <u>Id.</u>

Here, Davidson was represented by new appellate counsel on his direct appeal.  In addition, his ineffective assistance claims simply do not rely on any plausible evidence outside the record.[2]  Davidson's myriad of assertions regarding the alleged inadequacy of trial counsel's opening, closing, objections, lack of motion practice, and general trial strategy are entirely conclusory.  Without any augmentation by Davidson as to how events outside the trial record bear on these lack of effective assistance claims, the then-available trial record provided an adequate basis to bring these claims.  With limited exception, Davidson's ineffective assistance claims here fall within the narrow exception to the rule that ineffective assistance claims need not be addressed on direct appeal.  Because Davidson clearly has not demonstrated cause for and prejudice from his appellate counsel's failure to raise these claims on direct appeal, his claims are procedurally barred.

**B.  Failure to Raise Claims of Prosecutorial Misconduct on Direct Appeal**

Davidson argues his conviction was tainted by prosecutorial misconduct.  Specifically, Davidson asserts that

─────────────────

[2] A few of Davidson's ineffective assistance claims escape the procedural bar because they are premised on alleged evidence existing outside the record.  These claims are discussed below.

AO 72A
(Rev.8/82)

the prosecution engaged in a conspiracy with defense counsel to cover-up evidence and introduce coerced testimony against him. Davidson's claims of prosecutorial misconduct, which were not brought up on direct appeal, are also subject to the procedural default rule.  Davidson clearly does not argue any "cause and prejudice" for failing to raise his prosecutorial claims on direct appeal.  However, Davidson does argue that he is actually innocent in relation to these claims.  Although not specifically framed, Davidson thus seeks to circumvent the procedural bar based on the "actual innocence" exception.

In order for Davidson to establish actual innocence excusing procedural default, he must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  This means factual innocence, not mere legal insufficiency."  <u>Rosario v. United States</u>, 164 F.3d at 733 (internal quotations and citations omitted).  Davidson fails to meet this standard.

Davidson relies on several affidavits to bolster his allegations of conspiracy.  The first affidavit, purportedly given by one of his co-defendants, Gary Stewart, is dubious. The affidavit claims that shortly after the shooting, police repeatedly threatened to disconnect Stewart's life-support machine if he did not give certain testimony (<u>see</u> Stewart

-9-

Affid., Docket No. 23, Exh D).  It is undisputed that Stewart was never on life-support, and a cursory review of the affidavit strongly suggests that the affidavit did not come from Stewart. The second affidavit alleges that the police beat a "Puerto Rican" shortly after the shooting (see Ballard Affid., Docket No. 6, Exh E).  Even assuming the individual described in the affidavit is Davidson's co-defendant Morales, this affidavit clearly does not prove prosecutorial misconduct or that Davidson is actually innocent of his crimes.  The last affidavit, signed by Gwendolyn Morrow, states that she didn't fully read the statement she gave to the police and signed on the day of the shooting, and that Davidson was not at her house that day (see Morrow Affid, id.).  Putting aside Morrow's contrary trial testimony, and assuming that the issue of whether Davidson's whereabouts the morning of the shooting is relevant to his actual innocence, the jury credited other direct trial testimony that Davidson was in Morrow's apartment the morning in question. After reviewing Davidson's remaining claims of an alleged conspiracy involving defense counsel and the prosecution, the court determines that they are utterly baseless and border on frivolous.

In sum, Davidson offers no credible "newly discovered" evidence which supports his claims of actual innocence.  As a

-10-

result, his claims of prosecutorial misconduct are barred from review on this § 2255 motion because he failed to raise them on his direct appeal.  The court notes that even if the claims of prosecutorial misconduct were not barred from review, the court determines that they lack any merit.

III.  **Merits of Remaining Ineffective Assistance Claims**

Davidson's remaining ineffective assistance claims are premised on alleged evidence existing outside the record and, thus, are properly brought on this § 2255 motion.  Specifically, Davidson argues that his trial counsel (1) failed to properly investigate his case, (2) failed to hire an independent forensic pathologist, ballistics expert and crime scene reconstructionist, (3) violated attorney-client privilege, and (4) prevented Davidson from taking the stand on his own behalf.

In order to prevail on his ineffective assistance claims, Davidson must establish that his trial counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms." Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984).  He must also show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068.  Davidson clearly does not meet this burden on any of his ineffective

-11-

assistance claims.

Davidson's contention that trial counsel failed to adequately investigate and conduct meaningful discovery in his case does not present a _prima facie_ ineffective assistance claim.  His reliance on the Stewart, Ballard and Morrow affidavits to establish that counsel conducted a constitutionally deficient investigation is belied by the contents of those affidavits.  Davidson argues that trial counsel rendered ineffective assistance because he did not obtain an independent forensic pathologist, ballistics expert and/or crime scene reconstructionist to work on his case. Davidson, however, does not convincingly demonstrate that this failure to hire was objectively unreasonable.  More importantly, Davidson fails to proffer any credible evidence which would demonstrate that had defense counsel hired any of the above, the result of his trial would be different.

His remaining assertions -- that counsel prevented him from testifying -- does not raise a cognizable ineffective assistance claim.  Davidson claims that had he taken the stand, he could have "educated the jury as to the life style of promoters, artists and DJ's, breaking down his association with his co-defendants, and what musical role they held in this Reggae Dancehall Group (Babyquake Hi-Power)."  (Docket No. 1, at

-12-

13). Given Davidson's proposed testimony, trial counsel's advice to not take the stand was objectively reasonable and no colorable argument exists that this testimony would have changed the outcome of the trial.

IV. Remaining Claims on the § 2255 Motion

Davidson's argument -- that the prosecution suppressed certain Brady material -- is based on pure conjecture and utterly meritless. Additionally, Davidson argues that his conviction under 21 U.S.C. 848(e)(1)(B) is void under Richardson v. United States, 526 U.S. 813, 119 S. Ct. 1707 (1999). This argument also lacks any merit. As the government points out, Richardson is inapplicable to Davidson's conviction because that case addresses convictions under 21 U.S.C. 848(a), a different subsection of the statute. Davidson's assertion -- that the Tenth Circuit erred in its holding in United States v. Singleton 165 F.3d 1343 (10th Cir. 1999)(en banc) -- is misplaced in this § 2255 motion. Davidson's argument that he is entitled to a downward departure under the Sentencing Guidelines is completely unpersuasive and lacks any merit. Davidson's remaining claims, which assert a variety of theories explaining how insufficient evidence existed to convict him on the various charges, were not presented on his direct appeal. Davidson fails to give cause for this procedural default and actual prejudice resulting

-13-

therefrom.  Thus, the court is barred from considering these claims on this § 2255 motion.  See United States v. Frady, 456 U.S. at 167-68, 102 S. Ct. 1584 (1982).

### CONCLUSION

Davidson's motion to file an amended § 2255 motion (Docket No. 11), and motion requesting leave to submit a delayed exhibit (Docket No. 25), are GRANTED to the extent that the court considered the material accompanying those motions.  Because Davidson fails to raise any meritorious argument on his § 2255 motion (Docket No. 1), that motion, as amended, is DENIED. Davidson's motion for an evidentiary hearing (Docket No. 1), motion to proceed with additional pages (Docket No. 2), motion and supplemental motion for appointment of counsel (Docket Nos. 4 & 9), motion to file a traverse motion (Docket No. 11), motion for discovery and expansion of the record (Docket No. 20), and motion for extension of time (Docket No. 26) are DENIED as moot.

IT IS SO ORDERED.

DATED: November 20, 2000
       Syracuse, NY

                          Neal P. McCurn
                          Senior U.S. District Judge

-14-