

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMIE A. DAVIDSON,

                        Petitioner

vs.                                      5: 00-CV-00869

UNITED STATES OF AMERICA

---

APPEARANCES:                               OF COUNSEL:

JAMIE A. DAVIDSON
Petitioner, Pro Se
Reg. No. 37593-053 (C-3/310)
FCI Edgefield
Post Office Box 724
Edgefield, SC 29824

HON. DANIEL FRENCH                    JOHN DUNCAN
United States Attorney                Assistant U.S. Attorney
P. O. Box 7198
Syracuse, NY 13261-7198

## MEMORANDUM-DECISION AND ORDER

McCURN, Senior Judge:

    Jamie A. Davidson moves, among other things, for reconsideration of this court's November 28, 2000 memorandum-decision and order denying his petition brought pursuant to 28 U.S.C. § 2255.[1] For the reasons stated below, Davidson's motion for reconsideration is treated as a second or successive § 2255

---

[1] The court refers to the document Davidson filed seeking collateral relief pursuant to 28 U.S.C. § 2255 as a "petition." See Galtieri v. United States, 128 F.3d 33, 36 (2d Cir. 1997).

petition and, accordingly, is transferred to the United States Court of Appeals for the Second Circuit to be considered for certification as provided in 28 U.S.C. 2244.

## BACKGROUND

In 1993, a jury convicted Davidson on various charges stemming from the drug-related murder of an undercover police officer. This court subsequently sentenced him to life imprisonment plus five years. The Second Circuit affirmed the conviction, see United States v. Thomas, 34 F.3d 44 (2d Cir. 1994), and the Supreme Court denied certiorari. See Davidson v. United States, 513 U.S. 1166, 115 S. Ct. 1134 (1994).

By memorandum-decision and order dated November 28, 2000, this court denied Davidson's 28 U.S.C. § 2255 petition seeking to vacate, set aside or correct his sentence, see Davidson v. United States, No. 00-CV-869, 2000 WL 1772656 (Nov. 28, 2000, N.D.N.Y.), and familiarity with that order is assumed. Since the denial of his § 2255 petition, Davidson has filed numerous motions, including: (1) a "Motion for Reconsideration and Request for This Honorable Court to Take Judicial Notice Pursuant to Rule 201, Fed. R. Civ. P., That 'Fraud Has Been Committed Upon This Court'" (Docket No. 28), (2) a "Motion Requesting Leave to Stay the Proceedings of Petitioner's Notice of Appeal and Request for Certificate of Appealability" (Docket

No. 33), and (3) a "Motion Requesting Chief Justice Intervention to Oversee the Instant Proceedings and Investigate the Fraud Perpetrated Upon This Court (Docket No. 34). A voluminous amount of paper accompanies the above motions.

## DISCUSSION

In this motion for reconsideration, Davidson specifically relies on Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983), for the proposition that a court may justifiably reconsider its previous ruling if new evidence not previously available comes to light; or it becomes necessary to remedy a clear error of law or to prevent manifest injustice. The arguments advanced in Davidson's motion for reconsideration, however, do not meet that standard. Davidson fails to (1) bring to the court's attention any new evidence not previously available when this court decided his § 2255 petition, (2) point to any clear error of law by this court, or (3) expose any "manifest injustice" arising from this court's denial of his § 2255 petition. Rather, Davidson merely rehashes the arguments contained in his previous § 2255 petition -- i.e., that he was denied ineffective assistance of counsel and that the government is responsible for the police officer's death. This court has considered and rejected these same arguments once before, see 2000 WL 1772656, and Davidson's reconsideration motion clearly

-3-

does not contain any new argument or basis for vacating, setting aside or correcting the sentence imposed by this court.

In response, the government contends that Davidson' motion for reconsideration is a "second or successive" petition within the meaning of § 2255 and, as a result, this court lacks jurisdiction to entertain the motion. This court agrees that Davidson's motion must be considered as a successive § 2255 petition and transferred to the Court of Appeals for the Second Circuit.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended § 2255 to provide that second or successive §2255 petitions "must be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate court of appeals" to contain:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

AEDPA, Pub. L. No. 104-132, 110 Stat. 1214, 1220-21 (1996), 28 U.S.C.A. § 2255 (West Supp. 2000). While AEDPA does not define a "second or successive" petition or motion, the Second Circuit has stated that a § 2255 petition is second or successive "if a

-4-

AO 72A
(Rev.8/82)

prior § 2255 petition, raising claims regarding the same conviction or sentence, has been decided on the merits." Corrao v. United States, 152 F.3d 188, 190 (2d Cir. 1998)(citing Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996)(per curiam)). Although Corrao does not definitively answer whether Davidson's reconsideration motion should be considered second or successive, other existing case law strongly suggests that it should be.

As stated above, Davidson moves for reconsideration of this court's prior denial of his § 2255 motion pursuant to Doe v. New York City Dep't of Soc. Servs., supra, alleging that Doe permits a court to reconsider its prior decision in light of newly discovered evidence or errors of law, or to prevent injustice. Davidson's motion is similar to a Rule 60(b) motion for reconsideration which permits relief from a final judgment or order for, among other things, newly discovered evidence, mistake or any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b). With that similarity in mind, the court notes that several Courts of Appeals have held that Rule 60(b) motions should be treated as second or successive habeas petitions. See United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998), cert. denied, 526 U.S. 1011 (1999)(treating a Rule 60(b) motion for reconsideration as

a successive § 2255 petition where the motion actually attacks the underlying conviction); Banks v. United States, 167 F.3d 1082, 1083 (7th Cir. 1999)(per curiam)(stating that petitioners cannot avoid meeting the requirements of § 2255 by "simply restyling their requests" as Rule 60(b) motions); Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir.), cert. denied, 524 U.S. 965 (1998), and Lopez v. Douglas, 141 F.3d 974 (10th Cir.)(per curiam), cert. denied, 525 U.S. 1024 (1998)(both treating a petitioner's Rule 60(b) motion as a successive habeas petition); but see Polanco v. United States, Nos. 99 Civ 5739, 94 CR 453, 2000 WL 1346726 (Sept. 19, 2000, S.D.N.Y.)(denying a motion to reconsider a § 2255 petition where the motion merely restated the arguments presented in the § 2255 petition).

Davidson's prior § 2255 petition was clearly decided on the merits by this court and his motion for reconsideration, however styled, solely attempts to relitigate those issues and attack his underlying conviction. Guided by the above decisional law, this court holds that Davidson's motion for reconsideration must be viewed as a second or successive § 2255 petition because it continues to challenge the sentence imposed upon him. Accordingly, this court lacks jurisdiction to review the merits of Davidson's motion, see Corrao, 152 F.3d at 191 (stating that a district court improperly circumvents the

ADEPA's gatekeeping provision when it reaches the merits of an uncertified second or successive § 2255 petition."), and his successive habeas petition must be transferred to the Court of Appeals for the Second Circuit. See Liriano, 95 F.3d at 123.

With respect to Davidson's motions for a certificate of appealability, this court declines to issue such a certificate because Davidson fails to make a substantial showing of the denial of a Constitutional right, see 28 U.S.C. § 2253(c)(2), and because no constitutional issues worthy of appellate review exist. Davidson's remaining motions are rendered moot by the decision to treat his reconsideration motion as a successive § 2255 petition, or by his own actions.

## CONCLUSION

The Clerk of the Court is directed to transfer Docket Nos. 28, 30, 46 & 47, inasmuch as they comprise a petition for relief under 28 U.S.C. § 2255, to the United States Court of Appeals for the Second Circuit to be considered for certification pursuant to 28 U.S.C. § 2244.

Further, Davidson's motions for a certificate of appealability (Docket Nos. 33 & 40) are DENIED. The motions requesting intervention and investigation by the Chief Judge of the Second Circuit (Docket Nos. 34 & 41) are DENIED as moot. The motions requesting leave to file a rebuttal motion (Docket

Nos. 43 & 45, are DENIED as moot inasmuch as Davidson filed a rebuttal motion. The motion seeking the issuance of subpoenas, appointment of counsel, and discovery (Docket No. 38) is DENIED inasmuch as it is based on Davidson's erroneous belief that the court scheduled an evidentiary hearing. The motion requesting leave to correct an earlier filed affidavit (Docket No. 36) is GRANTED to the extent that the corrections contained in that motion are now deemed to be part of the original affidavit that constitutes Docket No. 30.

The Clerk of the Court is directed to reject any further motions submitted by Davidson pertaining to this issue.

IT IS SO ORDERED.

DATED: April 5, 2001
Syracuse, NY

_____
Neal P. McCurn
Senior U.S. District Judge

AO 72A
(Rev.8/82)