


UNITED STATES DISTRICT COURT
**NORTHERN DISTRICT OF NEW YORK**

```
U.S. DISTRICT COURT-N.D. OF N.Y.
        FILED
      DEC 27 2001
AT_____O'CLOCK_____
Lawrence K. Baerman, Clerk- Syracuse
```

JAMIE A. DAVIDSON,

                     Petitioner

     vs.                           5:00-CV-00869

UNITED STATES OF AMERICA

---

**APPEARANCES:**                            **OF COUNSEL:**

JAMIE A. DAVIDSON
Petitioner, <u>Pro Se</u>
Reg. No. 37593-053
USP-Pollock
Post Office Box 2099
Pollock, LA 71467

HON. JOSEPH PAVONE                     JOHN DUNCAN
United States Attorney              Assistant U.S. Attorney
P. O. Box 7198
Syracuse, NY 13261-7198

### MEMORANDUM-DECISION AND ORDER

McCURN, Senior Judge:

    Previously, this court denied petitioner Jamie A. Davidson's 28 U.S.C. § 2255 petition, see <u>Davidson v. United States</u>, No. 00-CV-869, 2000 WL 1772656 (N.D.N.Y. Nov. 28, 2000), and Davidson moved for reconsideration of that order. In an April 6, 2001 Memorandum-Decision and Order, this court, among other things, treated Davidson's motion for reconsideration as a second or successive § 2255 petition and transferred the petition to the United States Court of Appeals for the Second

-1-

Circuit to be considered for certification pursuant to 28 U.S.C. § 2244 (see Dkt No. 48).

Subsequently, the Second Circuit handed down Rodriguez v. Mitchell, 252 F.3d 191 (2d Cir. 2001). Rodriguez holds that a motion made pursuant to Fed. R. Civ. P. 60(b) to vacate a judgment denying habeas relief should not be construed as a second or successive petition subject to the standards of 28 U.S.C. § 2244(b). See id. at 198-200. In light of Rodriguez, the Second Circuit, among other things, vacated this court's transfer order and remanded the case to allow this court to rule on Davidson's motion for reconsideration (see Amended Order, 10-15-01, Dkt. No. 55).

Davidson's motion is entitled "a Motion for Reconsideration and Request for this Court to Take Judicial Notice Pursuant to Rule 201, Fed. R. Civ. P., That 'Fraud Has Been Committed Upon This Court'" (see Dkt. No. 28). The court construes the above motion as a Rule 60(b) motion.

Rule 60(b) provides that a district court may relieve a party from a final judgment for, among other things, "newly discovered evidence," "fraud" or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(2)(3) & (6). As discussed in this court's April 6, 2001 decision, Davidson fails to unearth any "newly discovered"

-2-

evidence or "fraud" justifying relief from this court's earlier order denying him habeas relief. Rather, Davidson merely rehashes the exact same arguments contained in his previous § 2255 petition -- i.e., that he was denied effective assistance of counsel and that the government is responsible for police officer Howard's death. When the court rejected these arguments, it considered the very evidence Davidson brings forth again in this reconsideration motion.

In addition, Davidson does not show that extraordinary circumstances exist in this case warranting relief from the judgment denying him habeas relief. See DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir.1994)(stating that relief pursuant Clause 6 of Rule 60(b) is only warranted under "extraordinary circumstances" or to prevent "extreme and undue hardship"). Accordingly, this court denies Davidson's Rule 60(b) motion for reconsideration.

Davidson also seeks a certificate of appealability (COA) and requests that the appellate court "intervene" and "oversee" this motion.[1] Davidson's request for a COA is denied inasmuch

---

[1] Davidson has filed documents entitled a "Motion Requesting Leave to Stay the Proceedings of Petitioner's Notice of Appeal and Request for Certificate of Appealability" (see Dkt. No. 33), and a "Motion Requesting Chief Justice Intervention to Oversee the Instant Proceedings and Investigate the Fraud Perpetrated Upon This Court (Dkt. No. 34).

as he fails to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), and because no constitutional issues worthy of appellate review exist on this motion. Davidson's motion for appellate intervention is denied as moot.

For the above reasons, it is hereby:

**ORDERED** that the motion for reconsideration (Dkt No. 28) is **DENIED**;

**ORDERED** that the request for a certificate of appealability (Dkt. No. 33) is **DENIED**;

**ORDERED** that the motion for appellate intervention (Dkt. No. 34) is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: December 27, 2001
          Syracuse, NY

*/s/ Neal P. McCurn*
Neal P. McCurn
Senior U.S. District Judge