Stucker
2/19/03

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK



JAIME A. DAVIDSON,

    PETITIONER,

-VS-

UNITED STATES OF AMERICA,

    RESPONDENT.

CRIM. NO. 92-CR-35
CIVIL NO. 5:00-CV-869(NPM)
APPEAL NO. 01-2370

URGENT MOTION REQUESTING LEAVE TO PROCEED WITH ADDITIONAL PAGES, ONE COPY OF MOTION AND REQUEST TO SERVE THE GOVERNMENT WITH A COPY OF SAME, DUE TO EXTRAORDINARY CIRCUMSTANCES (OF USP-POLLOCK'S INSTITUTIONAL LOCKDOWN), TO PREVENT A FUNDAMENTAL MISCARRIAGE OF JUSTICE

TO THE HONORABLE JUDGE OF SAID COURT;

MAY IT PLEASE THIS COURT:

COMES NOW, PETITIONER, JAIME A. DAVIDSON, PRO-SE, IN THE ABOVE STYLED CAUSE (REFERRED TO HEREIN AS PETITIONER), RESPECTFULLY REQUESTING AND/OR HUMBLY PRAYING, THAT THIS HONORABLE COURT THOROUGHLY REVIEWS AND/OR ENTERTAINS THE MERITS OF MR. DAVIDSON'S PRESENT MOTION REQUEST AS A WHOLE AND EXPEDITIOUSLY GRANTS THE SAME. PETITIONER, PRO-SE, IN SUPPORT THEREOF, TO WIT, STATES AS FOLLOWS:

1. PETITIONER, PRO-SE, SEEKS LIBERAL CONSTRAINTS PURSUANT TO HAINES V. KERNER, 404 U.S. 519, 92 S.CT. 594, 30 L.Ed. 2d 652 (1972)(PER CURIAM), WHICH HELD THAT, ESPECIALLY WHEN ONE IS IN PRISON, "PRO/SE, LITIGANTS PLEADINGS ARE TO BE CONSTRUED LIBERALLY AND HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS; IF THE COURT CAN REASONABLY READ PLEADINGS DRAFTED TO STATE VALID CLAIM ON WHICH LITIGANT COULD PREVAIL, IT SHOULD DO SO DESPITE FAILURE TO CITE PROPER LEGAL THEORIES, POOR SYNTAX AND SENTENCE CONSTRUCTION OR LITIGANT'S UNFAMILIARITY WITH PLEADING REQUIREMENTS;"

2. MR. DAVIDSON HUMBLY REQUESTS THAT THIS HONORABLE DISTRICT COURT, GRANT PETITIONER (WHO IS AN INDIGENT INCARCERRATED LITIGANT, WHO IS PRESENTLY PROCEEDING PRO-SE, AND HAS BEEN GRANTED PERMISSION TO PROCEED IN FORMA PAUPERIS BY THIS COURT), LEAVE TO PROCEED WITH ADDITIONAL PAGES WITHIN PETITIONER'S "MOTION FOR NEW TRIAL...;" GRANT MR. DAVIDSON LEAVE TO PROCEED WITH ONE (1) COPY OF SAID MOTION IN QUESTION AND GRANT MR. DAVIDSON'S LEAVE REQUESTING THIS HONORABLE COURT TO ORDER

THE CLERK OF THE COURT TO "SERVE" THE GOVERNMENT A COPY OF PETITIONER'S "MOTION FOR A NEW TRIAL..."; "WITHOUT" THE ATTACHED VOLUMINOUS EXHIBITS AND "SERVE" THE GOVERNMENT A COPY OF THE INSTANT "URGENT MOTION..."; AND, FURTHER ORDER SAID CLERK OF THE COURT TO SERVE PETITIONER, PRO-SE, A COPY OF "BOTH MOTIONS" IN QUESTION (BEING THAT THEY ARE HIS "ONLY" COPIES), AND GRANT SAID REQUEST EXPEDITIOUSLY PURSUANT TO THE APPROPRIATE LOCAL RULES OF THE N.D.N.Y. DISTRICT COURT AND/OR GRANT PETITIONER, PRO-SE, WHATEVER OTHER APPROPRIATE FEDERAL RULES APPLICABLE TO THE INSTANT MOTION(S), TO SAFEGUARD MR. DAVIDSON FROM ANY PREJUDICE AND/OR MANIFEST INJUSTICE;

3. PETITIONER SUBMITS THAT THE PRESENT CASE IS A HIGH PROFILE ONE, RARE, UNIQUE, EXCEEDINGLY VOLUMINOUS, COMPLEX (LEGALLY AND FACTUALLY) OF EXTRAORDINARY CIRCUMSTANCES, BEYOND MR. DAVIDSON'S CONTROL, RAISING A NUMBER OF MERITORIOUS/COLORABLE CLAIMS OF "FIRST 'NATIONAL' IMPRESSION, WHICH WARRANTED PETITIONER TO PROCEED WITH ADDITIONAL PAGES; AND, REDUCING SAID MOTION FOR NEW TRIAL PAGES, WOULD HAVE EXPOSED PETITIONER TO SUFFER A SERIOUS CASE OF MANIFEST INJUSTICE;

4. PETITIONER SUBMITS THAT THE PRESENT REQUESTS WERE "NOT" MADE TO PREJUDICE THE GOVERNMENT AND/OR POSE ANY UNDUE BURDEN UPON MR. JOHN G. DUNCAN, ESQ., BUT THE UNEXPECTED SERIES OF "DEADLY STABBINGS" OCCURRING DAILY SINCE JANUARY 6TH, 2003 AT USP-POLLOCK CREATING A NUMBER

3.

OF "INSTITUTIONAL LOCK-DOWNS" HAS FINALLY ENDED WITH A "PERMANENT LOCK-DOWN" ON JANUARY 9TH, 2003, WHICH FALLS WAY BEYOND PRO-SE, LITIGANT'S CONTROL;

5.  MR. DAVIDSON ASSERTS THAT THE PRESENT SERIES OF LOCK-DOWNS CAN BE "CONFIRMED" BY CONTACTING USP-POLLOCK'S EXECUTIVE STAFFS AND/OR MR. MARTINEZ (WHO IS THE HEAD OF THE EDUCATION DEPARTMENT/LAW LIBRARY); AND, MR. DAVIDSON HAD SOUGHT A MEMO FROM MR. MARTINEZ TO INFORM THIS COURT THAT THE VARIOUS LOCKDOWNS WERE HINDERING PETITIONER'S LEGAL RESEARCH, TYPING, LITIGATION AND/OR PREPARATION WITHIN SAID "10 DAYS" DEADLINE, BUT MR. MARTINEZ INSTRUCTED PETITIONER TO INFORM THE COURT'S TO CONTACT HIM AND HE WOULD CONFIRM SAID LOCK-DOWNS WHICH WERE COMPELLING THE LAW LIBRARY TO BE SHUT-DOWN ALSO (AND, AGAIN, MR. DAVIDSON STATES THAT ALL THOSE INCONVENIENCIES ARE BEYOND PETITIONER'S CONTROL);

6.  MR. DAVIDSON, PRO-SE, SUBMITS THAT IN EASTERWOOD V. CHAMPION, 213 F.3d 1321 (10TH CIR. 2000), THE TENTH CIRCUIT RECOGNIZED AND REASONED THAT: (NOTING THAT EVALUATION OF DUE DILIGENCE MAY NOT "IGNORE [ ] THE 'REALITY' OF THE PRISON SYSTEM"); SEE ALSO, Wims v. U.S., 225 F.3d 186 (2ND CIR. 2000);

7.  PETITIONER FURTHER SUBMITS THAT, SINCE MR. DAVIDSON WAS IN RECEIPT OF THIS COURT'S DEC. 31ST, 2002 DENIAL ORDER ON JAN. 3RD, 2003, PETITIONER HAS PROCEEDED WITH EXTREME DUE DILIGENCE

4.

AND UNDER GOOD-FAITH, TO MEET/COMPLY WITH RULE 59, F.R.CIV.P.'s 10 DAYS FILING DEADLINE;

8. MR. DAVIDSON ASSERTS THAT WE HAVE JUST BEEN LOCKED-DOWN AGAIN, WHILE PETITIONER WAS IN THE PROCESS OF MAKING A COPY OF SAID MOTION FOR NEW TRIAL FOR THE GOVERNMENT AND PETITIONER (HIMSELF). THIS HONORABLE COURT WILL SEE FROM THE PRESENTATION OF SAID MOTION FOR NEW TRIAL HOW SAID LOCK-DOWNS HINDERED MR. DAVIDSON AND TO CONCLUDE SAID MOTION, PETITIONER HAD NO OTHER ALTERNATIVE, BUT TO FINISH SAID MOTION "IN PEN;"

9. PETITIONER FURTHER ASSERTS THAT THIS HONORABLE COURT "CANNOT" IGNORE THE STRICT REALITY OF THE PRISON SYSTEM;

10. IN CLOSING, MR. DAVIDSON WOULD LIKE TO STRESS THE FACT TO THIS HONORABLE COURT THAT, DUE TO THE INSTANT/PRESENT "LOCK-DOWN" AND THE GOOD-FAITH DESIRE TO MEET SAID 10 DAYS DEADLINE UNDER THE HOUSTON V. LACK, MAILBOX POLICY AT INFRA, MR. DAVIDSON HAS SUBMITTED HEREIN, PETITIONER'S "ONLY" COPY OF THESE TWO (2) MOTIONS IN QUESTION AND HUMBLY PRAYS THAT THIS HONORABLE COURT EXPEDITIOUSLY MAKES A COPY OF BOTH MOTIONS AND FORWARD ONE TO THE GOVERNMENT AND ONE (BACK TO MR. DAVIDSON);

11. MR. DAVIDSON RESPECTFULLY SUBMITS FOR THE RECORD SAKES TO THIS HONORABLE COURT, THAT PETITIONER HAS ALREADY "SERVED" THE GOVERNMENT THE VOLUMINOUS EXHIBITS THAT SHOULD BE ATTACHED WITH MR. DAVIDSON'S "MOTION FOR NEW TRIAL...;"

WHEREFORE, MR. DAVIDSON, PRO-SE, ASSERTS THAT, IN LIGHT OF THE AFOREMENTIONED REQUESTS, PETITIONER'S GOOD-FAITH ACTIONS TO PROCEED WITH DUE DILIGENCE AND FACTS HIGHLIGHTED HEREIN AS A WHOLE, MR. DAVIDSON HUMBLY PRAYS THAT THIS HONORABLE COURT GRANTS PETITIONER, PRO-SE, LEAVE TO PROCEED WITH ADDITIONAL PAGES, ONE COPY OF "MOTION FOR NEW TRIAL...," SERVE THE GOVERNMENT A "COPY OF SAME" AND "PETITIONER" ("WITHOUT" THE VOLUMINOUS EXHIBITS), AND/OR GRANT MR. DAVIDSON, PRO-SE, WHATEVER OTHER RELIEF THIS HONORABLE COURT DEEMS JUST, PROPER AND/OR NECESSARY, DUE TO EXCEPTIONAL CIRCUMSTANCES (OF USP-POLLOCK'S INSTITUTIONAL LOCK-DOWN), TO PREVENT PETITIONER FROM SUFFERING A SERIOUS FUNDAMENTAL MISCARRIAGE OF JUSTICE (OF A PRISONER WHO IS FACTUALLY INNOCENT).

SIGNED ON THIS **9** DAY OF **JANUARY** 2003.

RESPECTFULLY SUBMITTED,

*Jaime A. Davidson*
JAIME A. DAVIDSON, PRO-SE.
REG. NO. 37593-053 (B-4)
USP-POLLOCK
P.O. BOX-2099
POLLOCK, LOUISIANA 71467

6.

# CERTIFICATE OF SERVICE

I, JAIME A. DAVIDSON, PRO-SE, hereby certify that I have served a true and correct copy of the foregoing:

URGENT MOTION REQUESTING LEAVE TO PROCEED WITH ADDITIONAL PAGES, ONE COPY OF MOTION AND REQUEST TO SERVE THE GOVERNMENT WITH A COPY OF SAME, DUE TO EXTRAORDINARY..., TO PREVENT A FUNDAMENTAL MISCARRIAGE OF JUSTICE

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

MR. JOHN G. DUNCAN, ESQ.
EXECUTIVE ASSISTANT U.S. ATTORNEY
900 FEDERAL BUILDING
P.O. BOX-7198
SYRACUSE, N.Y. 13261-7198

and deposited same in the United States Postal Mail at the United States Penitentiary, Pollock, Louisiana.
Signed on this 9 day of JANUARY, 2003.

Respectfully Submitted,

Jaime A. Davidson
JAIME A. DAVIDSON, PRO-SE

REG. NO. 37593-053 (B-4)
USP-Pollock
PO BOX-2099
Pollock, LA 71467

7.