IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

FILED

MAR 1 3 2003

AT _____ O'C. ____ M.
Lawrence K. Baerman, Clerk - Syracuse

114

JAIME A. DAVIDSON,
      Petitioner,

     -vs-

UNITED STATES OF AMERICA,
      Respondent.

)
)
)
)
)
)
)
)
)
/

CRIM. NO. 92-CR-35
CIVIL NO. 5:00-CV-869 (NPM)
APPEAL NO. 01-2370

---

**MOTION FOR CLARIFICATION AND SECOND URGENT
REQUEST TO SEEK LEAVE TO PROCEED WITH
ADDITIONAL PAGES, DUE TO EXCEPTIONAL
CIRCUMSTANCES, TO PREVENT ANY FURTHER
FUNDAMENTAL MISCARRIAGE OF JUSTICE (OF AN
INCARCERATED PRO/SE LITIGANT, WHO IS
ACTUALLY (FACTUALLY) INNOCENT), PURSUANT
TO LOCAL RULE 7.1 (b) (E), EXEMPTIONS**

---

TO THE HONORABLE JUDGE OF SAID COURT;

MAY IT PLEASE THIS COURT:

     Comes Now, Petitioner, Jaime A. Davidson, <u>Pro-Se</u>, (and referred to herein as Petitioner), in the above styled cause, humbly praying and/or respectfully requesting that this Honorable Court Grant Mr. Davidson the instant relief requested, Grant Petitioner, <u>Pro-Se</u>, the Constitutional Rights due to exceptional circumstances to proceed with the accompanied "Motion For New Trial ...," with additional pages; Based on this Honorable Court's **"Erroneous and/or Misapplication"** of Local Rule 7.1 (c), in its **"Motion Rejection Order"** dated February 19th, 2003 (against Mr. Davidson, who happens to be the **"Original Moving Party"** and the Government, the opposing party, who would be the party submitting a **"Cross-Motion Brief/Opposition Papers"**).  Mr. Davidson also requests for this Honorable Court to take **"Judicial Notice"**, pursuant to Rule

201, F.R.E., of the clear, established and undisputable fact(s) and/or law(s) in reference to the claims being raised herein by Petitioner.  In support thereof, to wit, Mr. Davidson states as follows:

1.  Mr. Davidson seeks liberal constraints pursuant to **Haines v. Kerner**, 404 U.S. 519, 92 S. Ct. 594, 30 L.Ed 2d 652 **(1972) (Per Curiam); Marmolejo v. U.S.**, 196 F.3d 377, 378 (2nd Cir. **1999),** especially when one is in prison, "Pro-Se, litigant's pleadings are to be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers; If the Court can reasonably read pleadings to state valid claim on which litigant could prevail, it should do so despite failure to cite proper legal theories, poor syntax and sentence construction or litigant's unfamiliarity with pleading requirements."  **Id.**  This Honorable Court should also keep in mind that Petitioner is an incarcerated Pro-se, prisoner, a layman in the intricate science of law and especially in the litigation of a major, voluminous and high profile (death penalty eligible case, where two (2) attorneys were appointed for all Defendants at trial), complex and intricate at that, factually and/or legally;

2.  Petitioner has properly prepared the present motion with extreme due diligence and under good-faith, based on the fact that this Honorable Court's February 19th, 2003, "Motion Rejection Order," omits any mention of a deadline (due date) for Petitioner to re-submit his "Motion For New Trial...;"  Especially, due to the Clerk's **"unauthorized action"** to **"strike"** all of Mr. Davidson's pleadings from the docket entry (record), **"WITHOUT"** the Judge's (Court) Order;

3.   In the case at bar, Petitioner would like to place on the record that, Mr. Davidson's "Motion For New Trial...," in light of Rules 52 (b) and 59 (a)(c) & (e), F.R. Civ. P., with supporting Affidavit and request to proceed with additional pages, was handed to prison officials on January 10th, 2003, during a major lock down in compliance with the "Prison Mail Box Rule" under **Houston v. Lack, 101 L.ED. 2d 245 (1988),** after the District Court's Denial Order dated December 31st, 2002; and, submitted within a timely manner of the aforementioned Rule(s) **"10 days deadline",** from the date of the Court's Judgment.  Petitioner's motions and supporting Affidavit was filed by the Clerk of the Court on January 21st, 2003, on the Docket and thereafter, **"Stricken"** from the record again, without the Judge's Court Order to do so;

4.   Mr. Davidson submits that, Local Rule 5.1.(e), **"Service and Filing of Papers",** specifically asserts that, "No paper on file in the Clerk's Office shall be removed **except by Order of a Judge** [which proves where said Clerk's action is in clear violation of its own Court rules].  **See,** (Attached exhibits A and B; Motion Rejection Order and L.R.5.1(e));

5.   Petitioner further submits that, based on the Clerk's misconduct by executing its own unjust act without the Judge's Order (to strike all Petitioner's pleading from the record), tomorrow, upon Mr. Davidson re-submitting his initial "Motion For New Trial...," within its 10 days deadline in a timely manner, the Court would then proceed considering Mr. Davidson's Rule 59(a)(c)&(e), F.R. Civ. P. Motion For New Trial as a Rule 60(b), F.R. Civ. P. Motion, based on the fact that Petitioner's Docket Sheet **"does not"** reflect where the instant motion was ever filed on the record and/or stricken from

1 | the Docket (record) Sheets by means of a Court Order;

2 |      6.   Thus, Mr. Davidson respectfully requests that this

3 | Honorable Court Grant's an immediate Court Order, instructing the

4 | Clerk of the Court to **"Re-Instate"** all of Petitioner's pleading back

5 | on the Docket (record) Sheets, on their respective date of January

6 | 21st, 2003, that the Clerk of the Court has **"stricken"** from the

7 | reocrd (docket sheets) without the Judge's Court Order;

8 |      7.   Now, Mr. Davidson submits that the instant motion is

9 | being presented to this Honorable Court, in light of N.D.N.Y. Local

10 | Rule 7.1(E), **Exemptions**, which states and highlights in pertinent

11 | numbers (1,2,3,&14) that, "the following types of actions or motions

12 | are exempt from 7.1(b)(1). Rule 7.1.(b)(2) governs the below

13 | actions:"

14 |        1.   All actions assigned to Senior Judges Neal P.

15 |             McCurn and Howard G. Munson;

16 |        2.   All actions in which a party who is not an attorney

17 |             [as here, Mr. Davidson] is appearing pro-se;

18 |        3.   Actions commenced by a party who is incarcerated

19 |             [as here, Mr. Davidson, pro-se];  And,

20 |     14.   Motions For Reconsideration, For Relief From

21 |             Judgment or Order, or to Alter Any Judgment or

22 |             Order;

23 | Id. At Page III-6.  See, (Exhibit-C; N.D.N.Y., L.R.7.1(E),

24 | Exemptions).

25 |      8.   Nevertheless, Petitioner, Pro-Se, hereby asserts that the

26 | Hon. Neal P. McCurn, S.J. has **"erred and/or misapplied"** L.R. 7.1(c),

27 | **"Cross-Motions"** on Mr. Davidson.  In said section in question for the

28 | record to fully reflect the Court's erroneous ruling, Petitioner

1  submits L.R. 7.1(c), in pertinent parts, which states as follows:

2        "1.   Motions under 7.1(b)(1)."

3          "A Cross-Motion may be served at the time opposition
     papers to the original motion [which Petitioner has
4    filed pursuant to Rules 52(b), 59(a)(c)&(e), F.R.
     Civ. P.] are served, under the time provisions of
5    7.1(b)(1)(B).  The original and one copy of the
     Cross-Motion/Opposition Papers 'must be served' on
6    the 'original moving party [as here, Mr. Davidson,
     pro-se, who has filed the initial 'Motion For New
7    Trial...'],' and one copy must be served upon all
     other parties.  'If a cross-Motion is made [by the
8    Government, against Petitioner's 'Motion For New
     Trial...'],' 'the Cross-Motion Brief must be joined
9    with the opposition brief and may not exceed 25
     pages in lenght,' exclusive of exhibits.  A
10   separate 'Brief in Opposition' to the 'original
     motion' is not permissible."

11         "Page lengths may not be exceeded except with prior
12   permission of the Judge hearing the motion."

13 Id. At pages III-7 – III-8.  See, (Exhibit-D; N.D.N.Y., L.R. 7.1.(c)

14 (1)).

15       9.  In further support of Mr. Davidson's claim(s) that the Court

16 erred by rejecting Petitioner's Motion For New Trial in part (based on

17 L.R. 7.1(c)), Mr. Davidson submits for "example", L.R. 7.1(c)(2),

18 "Motions under 7.1(b)(2)", which proves where Petitioner's Motion For

19 New Trial is "not" a "Cross-Motion and/or Brief", and it states in

20 pertinent part that ".... However, a dispositive motion which would be

21 filed under 7.1(b)(1) must not be filed as a Cross-Motion to a motion

22 filed under 7.1.(b)(2)....  The 'original moving party [as here, Mr.

23 Davidson, who has submitted a Motion For New Trial (pursuant to Rule

24 59(a)(c)&(e), F.R. Civ. P., which is also considered a Motion For

25 Reconsideration), in light of the district Court's December 31st, 2002,

26 Denial Order (subject to the standards set forth in L.R. 7.1(b)(1)(E),

27 at subsections No. 1-3 and No. 14 (Motions For Reconsiderations...)],'

28 must file and serve on the other parties a response to the Cross-Motion

1  not less than **seven calendar days** prior to the scheduled return date;"

2      10.  Mr. Davidson submits again, for the sakes of **"clarity"** to

3  allow the record to reflect that, the instant "Motion For New Trial...,"

4  was **not** filed as a Cross-Motion (pleading and/or opposition motion), to

5  the Government's response from the District Court's "Show Cause Order",

6  from the Second Circuit's Remand.  Petitioner's "Motion For New Trial...

7  ," was filed after the District Court's 12/31/02 Denial Order and

8  further Denial of a Request For a Certificate of Appealability inside

9  said Order.  Whereas, Petitioner in the case at bar is actually the

10  **"original moving party"** and the N.D.N.Y. Local Rules **"Does Not"**

11  explicitly sets out a specific rule with certain **"page limitations"** for

12  an "incarcerated, **pro-se**, litigant (who is not a trained licensed

13  attorney), to submit in a Motion For Reconsideration and/or Motion For

14  New Trial;" but, pursuant to L.R. 7.1(b)(1), which is also supported by

15  L.R. 7.1(c), which the District Court erroneously applied to Petitioner's

16  Motion For New Trial, explicitly holds that, "incarcerated, **pro-se**,

17  litigants who are **not** attorneys, assigned to the Hon. McCurn, S.J., are

18  explicitly **'exempted'** from all their Local Rules strict standards [as

19  here, Mr. Davidson];"

20      11.  Petitioner further states that, in light of Rule 59(a)(c) &

21  (e), F.R. Civ. P., strict standards with its 10 days deadline to submit

22  a Motion For New Trial (with supporting Affidavits), after a Court's

23  Judgment, it would have made it virtually impossible for Mr. Davidson to

24  file a prior motion requesting leave to proceed with additional pages,

25  wait for the District Court's Order in said response and immediately

26  file said motion in question within a timely manner (which is a 10 days

27  time limit with **"No Exceptions"** allowed for untimely motions filed after

28  said Rules 10 days deadline).  **See, (Exhibit-E, Rule 59(a)(c) & (e), F.R.**

1  Civ. P.);

2      12.  In light of Rule 59(a)(c)&(e), F.R. Civ. P's, **"10 days**

3  **deadline"**, Mr. Davidson, who is not an attorney and incarcerated at

4  that, has presented sufficient just-cause reasons, due to **"extreme**

5  **exceptional circumstances"**, to allow this Honorable Court, to rule on

6  the present motion under a more lenient standard as prescribed by the

7  Supreme Court in **Haines v. Kerner**, at **supra**, and filed within a timely

8  manner under **Houston v. Lack** at **supra**;

9      13.  In the case at bar, the record should reflect that, Mr.

10  Davidson had submitted his "Motion For New Trial...," with an "Urgent

11  Motion Requesting Leave to Proceed with Additional Pages,..., to prevent

12  a fundamental miscarriage of justice."  And now, Petitioner, _pro-se_, is

13  hereby re-submitting another Motion Requesting Leave To Proceed With

14  Additional Pages, In Conjunction With The Initial One, Not To Be

15  Redundant (Due To Exceptional Circumstances);

16      14.  This Honorable Court should take into careful consideration

17  that it has Denied Petitioner's numerous requests for the appointment of

18  counsel, to assist Mr. Davidson in this voluminous, complex and factually

19  /legally intricate case (leaving Petitioner to fetch for himself while

20  in prison).  Furthermore, for Mr. Davidson, _pro-se_, to reduce the

21  instant motion from 75 pages (43 typed written and 32 hand written in

22  pen), to **"only"** 25 pages, it would unduly expose Petitioner to suffer a

23  serious fundamental miscarriage of justice (of a prisoner who is

24  actually (factually) innocent), by **"deleting"** numerous areas containing

25  meritorious/colorable **"factual and/or legal points"** in further support

26  of Mr. Davidson's proof of his factual innocence, fraud on the Court and

27  Constitutional violations rendered by trial counsel, etc.; and, for this

28  Honorable Court to attempt to compel Mr. Davidson into reducing his

-7-

1  Motion For New Trial to 25 pages (viewing that L.R. 7.1(c) does not

2  apply to Petitioner and said Motion For New Trial in question is

3  **"crystal clear, not"** a **"Cross-Motion"** to the Government's allegedly

4  (original moving party's motion)), would be a clear cut issue of this

5  Court's abuse of discretion, causing Mr. Davidson to suffer a vital

6  injury/prejudice of manifest injustice;

7       15.  Petitioner, pro-se, hereby submits that in regards to the

8  District Court's February 19th, 2003, Motion Rejection Order, Mr.

9  Davidson has corrected and **"complied"** with the list of mistakes

10 numbered 2 and 3.  Petitioner will be serving the Government with a

11 copy of all the accompanying Motions and Affidavit, etc. and keeping a

12 copy for Petitioner's own file; and

13      16.  Therefore, Mr. Davidson, pro-se, further submits and humbly

14 requests that this Honorable Court enforces the strict standards set

15 forth by Rule 59(a)(c)&(e), F.R. Civ. P., by issuing an immediate **"Show**

16 **Cause Order"**, instructing the Government to file its **"Opposing**

17 **Affidavits"** to Petitioner's Motion For New Trial (in light of

18 Affidavits), within the Civil Rules 10 days deadline (strict Standards),

19 complied by Mr. Davidson, pro-se,.

20      Wherefore, Mr. Davidson, pro-se, states that, based upon the

21 aforementioned facts, laws and/or rules highlighted herein as a whole,

22 Petitioner humbly prays that this Honorable Court Grants the instant

23 Motion For Clarification and re-instates all the documents erroneously

24 **"stricken"** from the Docket Sheets (records); Grants Petitioner's

25 Second Urgent Request to Seek Leave to Proceed With Additional Pages,

26 Due to "Exceptional Circumstances"; Grants Petitioner the right to be

27 **'exempted"** from all its Local Rules (in light of L.R. 7.1(b)(E), due to

28 the standards in Haines at supra; Order the Government via, a **"Show**

-8-

1  **Cause Order"**, to submit all its **"Opposing Affidavits within 10 days**

2  (mandated by Rule 59(a)(c)&(e), F.R. Civ. P.)"; and/or Grant whatever

3  other relief this Honorable Court deems just, proper and/or necessary

4  as the law demands, to prevent any further fundamental miscarriage of

5  justice (of a prisoner who is actually (factually) innocent).

7  SIGNED ON THIS ___24___ DAY OF ___FEBRUARY___ , 2003.

10                        RESPECTFULLY SUBMITTED,

12                        _Jaime A. Davidson_
13                        Jaime A. Davidson, _pro-se._
                          Reg. No. 37593-053 (B-4)
                          USP-Pollock
14                        P.O. Box - 2099
                          Pollock, LA. 71467

# CERTIFICATE OF SERVICE

I, Jaime A. Davidson, pro-se          , hereby certify that I have served a true and correct copy of the foregoing:

**MOTION FOR CLARIFICATION AND SECOND URGENT REQUEST TO SEEK LEAVE TO PROCEED WITH ADDITIONAL PAGES, DUE TO EXCEPTIONAL CIRCUMSTANCES, TO PREVENT ANY FURTHER FUNDAMENTAL MISCARRIAGE OF JUSTICE (OF AN INCARCERATED PRO/SE LITIGANT, WHO IS ACTUALLY (FACTUALLY) INNOCENT), PURSUANT TO LOCAL RULE 7.1 (b) (E), EXEMPTIONS**

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court. Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

> **MR. JOHN G. DUNCAN, ESQ.**
> **EXEC. ASSISTANT U.S. ATTORNEY**
> **900 Federal Building**
> **P.O. Box - 7198**
> **Syracuse, N.Y. 13261-7198**

and deposited same in the United States Postal Mail at the United States Penitentiary, Pollock, Louisiana.

Signed on this ___2 4___ day of _FEBRUARY_, 2003.

Respectfully Submitted.

_Jaime A. Davidson_

Jaime A. Davidson, pro-se.

REG. NO. 37593-053 (B-4)
USP-Pollock
PO BOX-2099
Pollock, LA 71467

-10-

COPIES SENT

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Lawrence K. Baerman
Clerk of Court

100 S. Clinton Street
P.O. Box 7367
Syracuse, New York 13261-7367
(315) 234-8500

U.S. DISTRICT COURT — N.D. OF N.Y.

**FILED**

FEB 19 2003

AT _____ O'CLOCK

Lawrence K. Baerman, Clerk — Syracuse

## MOTION REJECTION ORDER

Re:   Jaime A. Davidson v. United States of America, 00-CV-00869

This Order is in reference to the following motion papers:

- Urgent motion requesting leave to proceed with additional pages, one copy of motion and request to serve the government with a copy of same, due to extraordinary circumstances (of USP-Pollock's institutional lockdown), to prevent a fundamental miscarriage of justice
- Motion for new trial and/or alter or amend a judgment with findings by the court pursuant to Rules 52(b) and 59(a) (c) & (e), F.R. Civ. P., to prevent a fundamental miscarriage of justice of a prisoner who's actually (factually) innocent
- Affidavit in support of motion for new trial and/or alter or amend judgment with findings by the court . . . of a prisoner who's actually (factually) innocent
- Accompanying exhibits A - K

ORDERED that the enclosed papers in the above entitled action have been rejected and returned herewith by the Court, for the following reasons stated below. Please read this list carefully to correct the mistakes in your papers. After you correct your papers, you may return them to the Clerk's Office for processing TOGETHER WITH THIS Order.

1.   Local Rule 7.1(c) provides that all briefs and memoranda submitted to the court must be limited to 25 pages of text unless prior leave of Court has been granted.

2.   Papers cannot be filed without some indication that they have been served on your opponent or their attorney. See Local Rule 5.1(a). The Clerk's Office will not forward copies of your papers to opposing counsel.

3.   The Clerk's Office can only provide you with copies of documents that have been filed with the Court at a cost of $0.50 per page. Pursuant to Local Rule 5.4, you must pay this amount even though you may have been granted permission to proceed with this action in forma pauperis. Your payment for copying charges must be made in advance, with the check in the appropriate amount made payable to "Clerk, U.S. District Court."

SO ORDERED,

Neal P. McCurn
_____
Senior Judge Neal P. McCurn

Dated: 2/19/03

Note: A copy of this Order has been served upon the parties to this action.

EXHIBIT - A   1

**4.1  Service of Process.**  (Amended January 1, 1999)

(a)    Service shall be made in the manner specified in the Federal Rules of Civil Procedure, or as required or permitted by statute   The party seeking service of papers shall be responsible for arranging the service.  The clerk is authorized to sign orders appointing persons to serve process.

(b)    Upon the filing of a complaint, the clerk shall issue to the plaintiff General Order 25 which requires, inter alia, service of process upon all defendants within sixty (60) days of the filing of the complaint.  This expedited service requirement is necessary to ensure adequate time for pretrial discovery and motion practice.  In no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4.

(c)    At the time the complaint or notice of removal is served, the party seeking to invoke the jurisdiction of this court shall also serve on all parties the following materials:

1.    Judicial Case Assignment Form;

2.    Joint Civil Case Management Plan Containing Notice of Initial Pretrial Conference;

3.    Notice and Consent Form to Proceed Before a United States Magistrate Judge; and

4.    Notice and Consent Form for the Court Sponsored Alternative Dispute Resolution Procedures.

These materials shall be furnished to the party seeking to invoke the jurisdiction of this court by the clerk at the time the complaint or notice of removal is filed.

**5.1  Service and Filing of Papers.**

(a)    All pleadings and other papers shall be served and filed in accordance with the Federal Rules of Civil Procedure and shall be in the form prescribed by L.R. 10.1.  The party or their designee shall declare, by affidavit or certification, that they have provided all other parties in the action with all documents they have filed with the court.  See also L.R. 26.2 (discovery material).

(b)    In civil actions where the party has been directed to submit an order or judgment, all such orders or judgments shall be filed in duplicate by the party who secures the same; and the clerk's entry of such duplicate in the proper record book shall be deemed in compliance with Fed. R. Civ. P. 79(b)  Such party shall also furnish the clerk with a sufficient number of additional copies for each party to the action, which the clerk shall mail with notice of entry in accordance with Fed. R. Civ. P. 77(d)

(c)    In a civil action, on filing a notice of appeal, the appellant shall furnish the clerk with a sufficient number of copies for mailing in accordance with Fed. R. App. P. 3(d).

*EX. B*        2-

(d)     On filing of a motion pursuant to Fed. R. Civ. P. 65.1, the moving party shall furnish the clerk with a sufficient number of copies of the motion and notice of the motion in compliance with the mailing provision of that rule.

(e)     No paper on file in the clerk's office shall be removed except by order of a judge.

(f)     All civil complaints submitted to the clerk for filing shall be accompanied by a summons or, if electing to serve by mail, the approved service by mail forms, together with sufficient copies of the complaint for service on each of the named defendants.

(g)     Every summons shall be served by a private process server, except as otherwise required by statute or rule or as directed by the court for good cause shown.  A private process server is any person authorized to serve process in an action brought in the New York State Supreme Court or in the court of general jurisdiction of the State in which service is made.

(h)     In the case of a prisoner's civil rights action, or any action where a party has been granted leave to proceed in forma pauperis, the marshal shall serve the summons and complaint by regular mail pursuant to Fed. R. Civ. P. 4(c)(2).  The marshal shall file the return or other acknowledgment of service with the court.  The return shall constitute prima facie evidence of the service of process. If no acknowledgment of service is filed with the court, the marshal shall notify the plaintiff and, if requested by the plaintiff, shall make personal service as provided in Fed. R. Civ. P. 4.

## 5.2 Prepayment of Fees.

(a)     **Filing Fees.**

A party commencing an action or removing an action from a state court must pay to the clerk the statutory filing fee before the case will be docketed and process issued.  In forma pauperis proceedings are governed by Title 28 U.S.C. § 1915 and Local Rule 5.4.

(b)     **Miscellaneous Fees.**

The clerk shall not be required to render any service for which a fee is prescribed by statute or by the Judicial Conference of the United States unless the fee for the service is paid in advance.

## 5.3 Schedule of Fees.

Fee schedules are available at the clerk's office or at the court's web page at "www.nynd.uscourts.gov."

11.1   Signing of Pleadings, Motions, and Other Papers; Sanctions . . . . . . . . . . . . . . III-13
12.1   Defenses and Objections--How Presented . . . . . . . . . . . . . . . . . . . . . . . . . III-13
13.1   Counterclaims and Cross-Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . III-13
14.1   Impleader . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . III-13
15.1   Form of a Motion to Amend and Its Supporting Documentation . . . . . . . . . . . . III-13
16.1   Civil Case Management . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . III-13
16.2   Discovery Cut-Off . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . III-15

## 7.1 **Motion Practice.** (Amended January 1, 1999)

### Introduction - Motion Dates and Times.

Motions are returnable at a regularly scheduled motion date and time of the assigned judge, unless the court directs otherwise.  The moving party should select a return date accordingly, as set forth in subdivision (b).  If the return date selected is not on a regularly scheduled motion date, or if no return date is selected, the clerk will set a proper return date and notify the parties.

Information regarding motion dates and times is specified on the case assignment form provided to the parties at the commencement of the litigation or may be obtained by calling the clerk's office

### (a)   Papers Required.

Except as otherwise provided in this paragraph, all motions and opposition to motions require a memorandum of law, supporting affidavit, and proof of service on all the parties, see L.R. 5.1(a).  Additional requirements for specific types of motions, including cross motions, see L.R. 7.1(c), are set forth within this rule.

#### 1.   Memorandum of Law.

No party shall file or serve a memorandum of law that exceeds twenty-five (25) pages in length, unless leave of the judge hearing the motion is obtained prior to filing. All memoranda of law shall contain a table of contents and, wherever possible, parallel citations.  Memoranda of law that contain citations to decisions exclusively reported on computerized databases (e.g., Westlaw, Lexis, Juris, etc.) shall be accompanied by copies of the decisions.

When making a motion based upon a rule or statute, the moving papers must specify the rule or statute upon which the motion is predicated.

A memorandum of law is required for all motions except the following
(A) a motion pursuant to Fed. R. Civ. P. 15 to amend or supplement a pleading;
(B) a motion pursuant to Fed. R. Civ. P. 12(e) for a more definite statement;
(C) a motion pursuant to Fed. R. Civ. P. 17 to appoint next friend or guardian ad litem;

EX. C

(D)  a motion pursuant to Fed. R. Civ. P. 25 for substitution of parties; and

(E)  a motion pursuant to Fed. R. Civ. P. 37 to compel discovery.

## 2.   Affidavit.

An affidavit must not contain legal arguments, but must contain factual and procedural background as appropriate for the motion being made.

An affidavit is required for all motions except the following:

(A)  a motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted;

(B)  a motion pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings; and

(C)  a motion pursuant to Fed. R. Civ. P. 12(f) to strike a portion of a pleading.

## 3.   Summary Judgment Motions.

Any motion for summary judgment shall contain a Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact the moving party contends there exists no genuine issue.  Each fact listed shall set forth a specific citation to the record where the fact is established.   The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits.  It does not, however, include attorney's affidavits.   <u>Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.</u>

The opposing party shall file a response to the Statement of Material Facts.  The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs.  Each denial shall set forth a specific citation to the record where the factual issue arises.  The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute.  <u>Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.</u>

## 4.   Motions to Amend or Supplement Pleadings, or for Joinder or Interpleader.

An unsigned copy of the proposed amended pleading must be attached to a motion brought under Fed. R. Civ. P. 14, 15, 19-22.  Except as provided by leave of court, the proposed amended pleading must be a complete pleading which will supersede the original pleading in all respects.  No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.

The motion must set forth specifically the proposed amendments and identify the amendments in the proposed pleading.

Where leave to supplement a pleading is sought under Fed. R. Civ. P. 15(d), the proposed supplemental pleading must be limited to acts that occurred subsequent to the filing of the original complaint. The paragraphs in the proposed pleading must be numbered consecutively to the paragraphs contained in the pleading that is to be supplemented.

**Caveat:** The granting of the motion does not constitute the filing of the pleading. After leave is given, the moving party must file and serve the original signed pleading.

**(b)      Motions.**

1.      **Dispositive Motions.**

Parties that file motions pursuant to this subdivision must comply in all respects with the Local Rules of this District regarding the preparation and filing of motions, unless otherwise provided under this subdivision.

(A) <u>Moving Papers</u>. The moving party must serve a copy of all moving papers required to be submitted on all other parties. The return date on the Notice of Motion will be left open. The papers must be accompanied by a cover letter that states the type of motion that is being prepared, and lists separately each document comprising the moving papers. The moving party must file a copy of the <u>cover letter</u> [1] with the clerk.

(B) <u>Opposition Papers</u>. Opposition papers must be served on the moving party within **TWENTY-ONE CALENDAR DAYS** from the date on which the motion papers were served by the original moving party. The parties may agree to a reasonable extension of time in which to serve opposition papers. <u>See</u> subdivision 7.1(c) regarding cross-motions.

---

[1]

**<u>Important: Deadlines for Pretrial Submissions and Fed. R. Civ. P. 12 Extensions to File Answer</u>**. The filing of a *cover letter* with the clerk's office does not satisfy pretrial deadlines. To be timely, the fully briefed motion package (motion, opposition, and reply) must be filed on or before the motion filing deadline. However, the filing of a cover letter with the clerk's office in connection with a Rule 7.1(b)(1) motion operates as an automatic extension of time to file a responsive pleading (i.e., Answer) pursuant to Fed. R. Civ. P. 12(a) and (b).

The opposition papers served on the original moving party must include an original and one copy. One copy of opposition papers must be served on all other parties. The opposition papers must also include a cover letter that lists separately each document comprising the opposition papers. A copy of the cover letter must be filed with the clerk.

(C) <u>Reply Papers.</u> A party may serve a reply brief with supporting papers, made pursuant to this subdivision, without leave of court. Reply papers, if any, must be served on the opposing party within **FOURTEEN CALENDAR DAYS** from the date on which the opposition papers were served by the opposing party, unless the parties agree to a reasonable extension of time in which to serve the reply papers. <u>See</u> footnote #1 regarding motion filing deadline. A copy of the reply papers must be served on all other parties. Reply briefs must not exceed ten pages in length, exclusive of exhibits.

A cover letter that lists separately each document comprising the reply papers must accompany the papers. A copy of the cover letter must be filed with the clerk. See subdivision (c) for replies made to cross-motions.

A surreply is not permitted.

(D) <u>Moving Party's Responsibility & Return Date Selection.</u> The original moving party must file all original papers, including moving papers, opposition papers, cross-motions, and replies. The original moving party must also file a cover letter that states the return date and lists separately each document (brief, affidavit, etc.) submitted for filing. The original moving party must send a copy of the cover letter to all other parties. The return date selected should be the next regularly scheduled motion day of the assigned judge that is at least **TWENTY-ONE CALENDAR DAYS** after the date of filing.

All original papers must be filed in the clerk's office at the location designated on the case assignment form provided to the parties at the commencement of the litigation.

A courtesy copy of motion papers should not be provided to the assigned judge unless specifically requested.



**(E)** Exemptions.  The following types of actions or motions are exempt from 7 1(b)(1)  Rule 7.1(b)(2) governs the below actions.

1. All actions assigned to Senior Judges Neal P. McCurn and Howard G. Munson;

2. All actions in which a party who is not an attorney is appearing pro se;

3. Actions commenced by a party who is incarcerated;

4. Multi-district litigation actions;

5. Complex or multi-party actions (only upon application made to and specifically granted by the court);

6. Appeals from rulings issued by governmental agencies;

7. Appeals of fee determinations under the Equal Access to Justice Act (indicated on the civil cover sheet by N.O.S. 900);

8. Forfeiture/Penalty Actions (indicated on the civil cover sheet by N.O.S. 610-690);

9. Bankruptcy Actions (indicated by the civil cover sheet by N.O.S. 422-423);

10. Social Security actions (indicated on the civil cover sheet by N.O.S. 861-865). See Magistrate Judges Order Directing Filing of Answer, Administrative Record, Briefs and Providing for Oral Hearing on Appeal from Social Security Benefits Decision;

11. All Criminal Cases;

12. Contract actions by the federal government seeking recovery of overpayment and enforcement of judgments; actions brought under the Medicare Act; actions for recovery of defaulted student loans and actions for recovery of overpayment of Veteran's benefits (indicated on the civil cover sheet by N.O.S. 150-153);

13. Contract actions by the federal government that involve the collection of debts owed to the United States or that involve the foreclosure of real property (indicated on the civil cover sheet by N.O.S. 220);

14. Motions for reconsideration, for relief from judgment or order, or to alter any judgment or order;

15. Motions seeking only injunctive relief and Orders to Show Cause;

16. Motions for attorneys' fees;

17. Motions for default judgment;

18. Motions to change venue;

19. Motions to remand an action to state court;

20. Motions in limine;

21. Motions filed in state court before the removal of such action to this District.



2.    **Non-Dispositive Motions and Motions Exempt from 7.1(b)(1).**

All motion papers not prepared pursuant to Local Rule 7.1(b)(1) (that is, non-dispositive motions and those motions specifically exempted from 7.1(b)(1)) must be filed with the court and served upon the other parties not less than **TWENTY-EIGHT CALENDAR DAYS** prior to the return date of the motion.  The Notice of Motion should state the return date which has been selected by the moving party.  See L.R. 7.1(a).  Opposing papers must be filed with the court and served upon the other parties not less than **FOURTEEN CALENDAR DAYS** prior to the return date of the motion. Reply papers may be filed only with leave of court, upon a showing of necessity.  If leave is granted, reply papers must be filed with the court and served upon the other parties not less than **SEVEN CALENDAR DAYS** prior to the return date of the motion.

All original motion papers shall be filed in the clerk's office designated on the case assignment form provided to the parties at the commencement of the litigation.

The parties shall not file, or otherwise provide to the assigned judge, a courtesy copy of the motion papers unless specifically requested to do so by that judge.

3.    **Failure To Timely File or Comply.**

Any papers required under this Rule that are not timely filed or are otherwise not in compliance with this Rule shall not be considered unless good cause is shown.  Failure to file or serve any papers as required by this Rule shall be deemed by the court as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

Any party who does not intend to oppose a motion, or a movant who does not intend to pursue a motion, shall promptly notify the court and the other parties of such intention.  Notice should be provided at the earliest practicable date, but in any event no less than **SEVEN CALENDAR DAYS** prior to the scheduled return date of the motion, unless for good cause shown.  **Failure to comply with this Rule may result in the imposition of sanctions by the court.**

(c)    **Cross-Motions.**

1.    **Motions under 7.1(b)(1).**

A cross-motion may be served at the time opposition papers to the original motion are served, under the time provisions of 7.1(b)(1)(B).  The original and one copy of the cross-motion/opposition papers must be served on the original moving party, and one copy must be served upon all other parties.  If a cross-motion is made, the cross-motion brief must be joined with the opposition brief and may not exceed 25 pages in length,

III-7

*EX. D*

exclusive of exhibits.  A separate brief in opposition to the original motion is not permissible.

The original moving party may reply in further support of the original motion and in opposition to the cross-motion with a reply/opposition brief that does not exceed 25 pages in length, exclusive of exhibits. The reply/opposition papers must be served on the opposing party within **FOURTEEN CALENDAR DAYS** from the date on which the opposition papers were served by the opposing party, unless the parties agree otherwise.

The cross-moving party may reply in further support of the cross-motion with a reply brief that does not exceed 10 pages in length, exclusive of exhibits, under the time provisions of 7.1(b)(1)(C). The original and one copy of the reply must be served upon the original moving party, and one copy must be served on all other parties.

Page lengths may not be exceeded except with prior permission of the judge hearing the motion.

2.    **Motions under 7.1(b)(2).**

A party opposing a motion may also file and serve a cross-motion with its opposition papers. However, a dispositive motion which would be filed under 7.1(b)(1) must not be filed as a cross-motion to a motion filed under 7.1(b)(2).  A cross-motion is returnable on the same date as the original motion.  The original moving party must file and serve on the other parties a response to the cross-motion not less than **SEVEN CALENDAR DAYS** prior to the scheduled return date.

(d)    **Discovery Motions.**

The following steps are required prior to making any discovery motion pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure.

1.    Parties must make good faith efforts among themselves to resolve or reduce all differences relating to discovery prior to seeking court intervention.

2.    The moving party must confer in detail with the opposing party concerning the discovery issues between them in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution.  Failure to do so may result in denial of a motion to compel discovery and/or imposition of sanctions.

3.    If the parties' conference does not fully resolve the discovery issues, the party seeking relief must then request a court conference with the assigned magistrate judge.  The assigned magistrate judge may direct the party making the request for



even though state law is to the contrary. *United States v. Nordbye*, C.C.A.8, 1935, 75 F.2d 744, certiorari denied 56 S.Ct. 103, 296 U.S. 572, 80 L.Ed. 404. Inasmuch as it has been held that failure of the clerk thus to enter judgment is a "misprision" "not to be excused", *The Washington*, C.C.A.2, 1926, 16 F.2d 206, such a district court rule may have serious consequences for a district court clerk. Rules of this sort also provide for delay in entry of the judgment contrary to Rule 58. See *Commissioner of Internal Revenue v. Bedford's Estate*, 1945, 65 S.Ct. 1157, 325 U.S. 283, 91 L.Ed. 1611.

### 1963 Amendment

Under the present rule a distinction has sometimes been made between judgments on general jury verdicts, on the one hand, and, on the other, judgments upon decisions of the court, that a party shall recover only money or costs or that all relief shall be denied. In the first situation, it is clear that the clerk should enter the judgment without awaiting a direction to the court unless the court otherwise orders. In the second situation it was intended that the clerk should similarly enter the judgment forthwith upon the court's decision; but because of the separate listing in the rule, and the use of the phrase "upon receipt . . ." of the direction, the rule has sometimes been interpreted as requiring the clerk to await a separate direction of the court. All these judgments are usually uncomplicated, and should be handled in the same way. The amended rule accordingly deals with them as a single group in clause (1) (substituting the expression "only a sum certain" for the present expression "only money"), and requires the clerk to prepare, sign and enter them forthwith, without awaiting court direction, unless the court makes a contrary order. (The clerk's duty is ministerial and may be performed by a deputy clerk in the name of the clerk. See 28 U.S.C. § 956; cf. *Gilbertson v. United States*, 168 Fed. 672 (7th Cir. 1909).) The more complicated judgments described in clause (2) must be approved by the court before they are entered.

Rule 58 is designed to encourage all reasonable speed in formulating and entering the judgment when the case has been decided. Participation by the attorneys through the submission of forms of judgment involves needless expenditure of time and effort and promotes delay, except in special cases where counsel's assistance can be of real value. See *Matteson v. United States*, 240 F.2d 517, 518–19 (2d Cir. 1956). Accordingly, the amended rule provides that attorneys shall not submit forms of judgment unless directed to do so by the court. This applies to the judgments mentioned in clause (2) as well as clause (1).

Hitherto some difficulty has arisen, chiefly where the court has written an opinion or memorandum containing some apparently directive or dispositive words, e.g., "the plaintiff's motion [for summary judgment] is granted," see *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 229, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958). Clerks on occasion have viewed these opinions or memoranda as being in themselves a sufficient basis for entering judgment in the civil docket as provided by Rule 79(a). However, where the opinion or memorandum has not contained all the elements of a judgment, or where the judge has later signed a formal judgment, it has become a matter of doubt whether the purported entry of judgment was effective, starting the time running for post-verdict motions and for the purpose of appeal. See

id.; and compare *Blanchard v. Commonwealth Oil Co.*, 291 F.2d 814 (5th Cir. 1961); *United States v. Higginson*, 238 F.2d 439 (1st Cir. 1956); *Danzig v. Virgin Isle Hotel, Inc.*, 278 F.2d 580 (3d Cir. 1960); *Sears v. Austin*, 282 F.2d 340 (9th Cir. 1960), with *Matteson v. United States*, supra; *Erstling v. Southern Bell Tel. & Tel. Co.*, 255 F.2d 93 (5th Cir. 1958); *Barta v. Oglala Sioux Tribe*, 259 F.2d 553 (8th Cir. 1958) cert. denied, 358 U.S. 932, 79 S.Ct. 320, 3 L.Ed.2d 304 (1959); *Beacon Fed. S. & L. Assn. v. Federal Home L. Bank Bd.*, 266 F.2d 246 (7th Cir.), cert. denied, 361 U.S. 823, 80 S.Ct. 70, 4 L.Ed.2d 67 (1959); *Ram v. Paramount Film D Corp.*, 278 F.2d 191 (4th Cir. 1960).

The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—which provides the basis for the entry of judgment. That judgment shall be on separate documents is also indicated in Rule 79(b) and see General Rule 10 of the U.S. District Courts for the Eastern and Southern Districts of New York; *Ram v. Paramount Film D. Corp.*, supra, at 194.

See the amendment of Rule 79(a) and the new specimen forms of judgment, Forms 31 and 32.

See also Rule 55(b)(1) and (2) covering the subject of judgments by default.

### 1993 Amendments

Ordinarily the pendency or post-judgment filing of a claim for attorney's fees will not affect the time for appeal from the underlying judgment. See Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988). Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved. However, in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case. This revision permits, but does not require, the court to delay the finality of the judgment for appellate purposes under revised Fed.R.App.P. 4(a) until the fee dispute is decided. To accomplish this result requires entry of an order by the district court before the time a notice of appeal becomes effective for appellate purposes. If the order is entered, the motion for attorney's fees is treated in the same manner as a timely motion under Rule 59.

## Rule 59.   New Trials; Amendment of Judgments

**(a) Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and con-

EX. E

Case 5:00-cv-00869-DNH   Document 114   Filed 03/13/03   Page 22 of 22

clusions of law or make new findings and conclusions, and direct the entry of a new judgment.

**(b) Time for Motion.** Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.

**(c) Time for Serving Affidavits.** When a motion for new trial is based on affidavits, they shall be filed with the motion. The opposing party has 10 days after service to file opposing affidavits, but that period may be extended for up to 20 days, either by the court for good cause or by the parties' written stipulation. The court may permit reply affidavits.

**(d) On Court's Initiative; Notice; Specifying Grounds.** No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order.

**(e) Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Feb. 28, 1966, eff. July 1, 1966; Apr. 27, 1995, eff. Dec. 1, 1995.)

## ADVISORY COMMITTEE NOTES

### 1937 Adoption

This rule represents an amalgamation of the petition for rehearing of [former] Equity Rule 69 (Petition for Rehearing) and the motion for new trial of 28 U.S.C., § 2111, formerly § 391 (New trials; harmless error), made in the light of the experience and provision of the code States. Compare Calif. Code Civ.Proc., Deering, 1937, §§ 656 to 663a, 28 U.S.C., § 2111, formerly § 391 (New trials; harmless error) is thus substantially continued in this rule. U.S.C., Title 28, [former] § 840 (Executions; stay on conditions) is modified insofar as it contains time provisions inconsistent with Subdivision (b). For the effect of the motion, for new trial upon the time for taking an appeal see *Morse v. United States*, 1926, 46 S.Ct. 241, 270 U.S. 151, 70 L.Ed. 518; *Aspen Mining and Smelting Co. v. Billings*, 1893, 14 S.Ct. 4, 150 U.S. 31, 37 L.Ed. 986.

For partial new trials which are permissible under Subdivision (a), see *Gasoline Products Co., Inc. v. Champlin Refining Co.*, 1931, 51 S.Ct. 513, 283 U.S. 494, 75 L.Ed. 1188; *Schuerholz v. Roach*, C.C.A.4, 1932, 58 F.2d 32; *Simmons v. Fish*, 1912, 97 N.E. 102, 210 Mass. 563. Ann.Cas.1912D, 588 [sustaining and recommending the practice and citing federal cases and cases in accord from about sixteen States and contra from three States]. The procedure in several States provides specifically for partial new trials — Ariz.Rev.Code Ann., Struckmeyer, 1928, § 3852; Calif.Code Civ.Proc., Deering, 1937, §§ 657, 662; Smith-Hurd Ill.Stats., 1937, c. 110, § 216 (Par. (f)); Md.Ann.Code, Bagby, 1924, Art. 5, §§ 25, 26; Mich.Court Rules Ann., Searl, 1933, Rule 47, § 2; Miss.Sup.Ct.Rule 12, 161 Miss. 903, 905, 1931, N.J.Sup.Ct.

Rules 131, 142, 147, 2 N.J.Misc. 1197, 1216-1251, 1255, 1924; 2 N.D.Comp.Laws Ann., 1913, § 7841, as amended by N.D.Laws 1927, ch. 214.

### 1946 Amendment

Note. Subdivision (b). With the time for appeal to a circuit court of appeals reduced in general to 30 days by the proposed amendment of Rule 73(a), the utility of the original "except" clause, which permits a motion for a new trial on the ground of newly discovered evidence to be made before the expiration of the time for appeal, would have been seriously restricted. It was thought advisable, therefore, to take care of this matter in another way. By amendment of Rule 60(b), newly discovered evidence is made the basis for relief from a judgment, and the maximum time limit has been extended to one year. Accordingly the amendment of Rule 59(b) eliminates the "except" clause and its specific treatment of newly discovered evidence as a ground for a motion for new trial. This ground remains, however, as a basis for a motion for new trial served not later than 10 days after the entry of judgment. See also Rule 60(b).

As to the effect of a motion under subdivision (b) upon the running of appeal time, see amended Rule 73(a) and Note

Note to Subdivision (e). This subdivision has been added to care for a situation such as that arising in *Boaz v. Mutual Life Ins. Co. of New York*, C.C.A.8, 1944, 146 F.2d 321, and makes clear that the district court possesses the power asserted in that case to alter or amend a judgment after its entry. The subdivision deals only with alteration or amendment of the original judgment in a case and does not relate to a judgment upon motion as provided in Rule 60(b). As to the effect of a motion under subdivision (e) upon the running of appeal time, see amended Rule 73(a) and Note

The title of Rule 59 has been expanded to indicate the inclusion of this subdivision.

### 1966 Amendment

By narrow interpretation of Rule 59(b) and (d), it has been held that the trial court is without power to grant a motion for a new trial, timely served, by an order made more than 10 days after the entry of judgment, based upon a ground not stated in the motion but perceived and relied on by the trial court sua sponte. *Freid v. McGrath*, 133 F.2d 350 (D.C.Cir. 1942); *National Farmers Union Auto. & Cas. Co. v. Wood*, 207 F.2d 659 (10th Cir., 1953); *Bailey v. Slentz*, 189 F.2d 406 (10th Cir. 1951); *Marshall's U.S. Auto Supply, Inc. v. Cashman*, 111 F.2d 140 (10th Cir. 1940), cert. denied, 311 U.S. 667 (1940); but see *Steinberg v. Indemnity Ins. Co.*, 36 F.R.D. 253 (E.D.La.1964).

The result is undesirable. Just as the court has power under Rule 59(d) to grant a new trial of its own initiative within the 10 days, so it should have power, when an effective new trial motion has been made and is pending, to decide it on grounds thought meritorious by the court although not advanced in the motion. The second sentence added by amendment to Rule 59(d) confirms the court's power in the latter situation, with provision that the parties be afforded a hearing before the power is exercised. See 6 Moore's Federal Practice, par. 59.09[2] (2d ed. 1953).

In considering whether a given ground has or has not been advanced in the motion made by the party, it should be borne in mind that the particularity called for in stating the