IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

JAIME A. DAVIDSON,
        Petitioner,               )
                                  )
                                  )
        -vs-                      )     CRIM. NO. 92-CR-35
                                  )     CIVIL NO. 5:00-CV-869 (NPM)
                                  )     APPEAL NO. 01-2370
                                  )
UNITED STATES OF AMERICA,         )
        Respondent.               )
_____/

EMERGENCY NOTICE OF JUDICIAL AND CLERKS MISCONDUCT
CREATING A SERIOUS FUNDAMENTAL MISCARRIAGE OF
JUSTICE

TO THE HONORABLE JUDGE (HIS LAW CLERK) AND DEPUTY CLERK OF SAID COURT;
MAY IT PLEASE THIS COURT:

COMES NOW, Petitioner, Jaime A. Davidson, pro-se, (and referred
to herein as Petitioner), in the above styled cause, respectfully
requesting that this Honorable Court thoroughly reviews/considers
the instant "Emergency Notice...," as a whole, and Grants the same.
In support hereof, to wit, Petitioner, pro-se, states as follows:

1.  Petitioner submits that, upon thoroughly reviewing Mr.
Davidson's Civil Docket Sheets (since the outset of the instant
proceedings to date, Petitioner has noticed numerous crucial judicial
and clerks misconducts (tarnishing the appearance of justice, of the
entire judicial system (which said misconducts and more in their
entirity, would compel the public to lose all confidence in the said
system which the founding fathers allegedly built to protect them));
and, that has now led Mr. Davidson to properly prepare the instant
notice with extreme due diligence and under good faith; i.e.,

pursuant to the standards established by the Supreme Court in **Haines v. Kerner**, 404 U.S. 519, 92 S. Ct. 594, 30 L.Ed. 2d 652 (1972);

2.  Mr. Davidson, pro-se, respectfully/humbly directs the instant notice to the Hon. Neal P. McCurn, S.J's **"personal Deputy Clerk"** (**Mr. Terry J. Mitchell**, as stated to Petitioner by Mr. Mitchell himself), to convene an **"emergency meeting"** with the Hon. McCurn and his Law Clerk (Ms. Judy), to explicitly point out all the meritorious/ colorable claims being complained by Mr. Davidson at **Infra**, in conjunction with **"all"** of Petitioner's pending motions..., and the Newly Discovered Evidence (which is the tape recorded interview transcripts and "copy of the live 'tape' recording"); and, make all the necessary **"immediate corrections"** on Petitioner's **"Civil Docket Sheets"** and considering in its order on its merits (all the motions/ documents **"never"** considered by the Hon. McCurn in none of his previous Orders in part and/or as a whole in the past);

3.  In light of the instant motion in part, regarding **"Judicial and Clerks Misconducts"** exposing Petitioner to suffer some serious injuries amounting to a fundamental miscarriage of justice, Mr. Davidson, pro-se, for the record to reflect concerning **"authoritive guidance"**, submits **Kennedy v. Great Atlantic & Pacific Tea Co.**, 351 .2d 593 (5th Cir. 1977), where the Court found:

> "It was his duty as much as that of the Trial Judge
> to avoid any contacts outside the record that might
> affect the outcome of the litigation.  This we perceive
> to be the basis, so far as related to the Judge himself,
> of the existing Canon 3(A)(4) of the Code of Judicial
> Conduct for United States Judges [as here, the Hon.
> McCurn] which provides: 'A Judge... neither initiate
> nor consider Ex Parte or other communications concerning
> a pending or impending proceeding....'"

**Id**. At 596.

4.  Petitioner further submits that, the above quoted provision

of the code was adopted verbatim from the Code of Judicial Conduct
of the American Bar Association, adopted on August 16, 1972.  In the
Reporter's Notes upon the adoption of the American Bar Code, the
following explanatory language may be found:

> "Canon 3(A)(4) and commentary are based in part on old
> Canon 17.... The drafting of the appropriate standard
> regulating Ex Parte communications proved to be
> difficult.  In an adversary proceeding, Ex Parte
> communications by the Judge to a party or his lawyer
> or by a party or his lawyer to the Judge clearly
> should be precluded....'The Committee concluded that
> unless the Ex Parte communication is authorized by
> law--statute, common law, and rule being the principal
> methods of authorization--the communication should be
> prohibited....'"

Id. At 596-97.  See, (Reporter's Notes to Code of Judicial Conduct,
E. Wayne Thode, P.53).

     5.  In the case at bar, Petitioner refers this Honorable Court
to consider on its full merits, Mr. Davidson's "Affidavit of Recusal
against the Hon. Neal P. McCurn, S.J." [64-1] dated February 4th,
2002 and "Motion to Re-Submit said Affidavit of Recusal of Same, With
Supporting Affidavit of said Re-Submission", dated September 20th,
2002; but, "never" placed/filed in Mr. Davidson's Civil Docket Sheet,
proving where the Hon. McCurn's "Ex-Parte communication" via, his
Law Clerk (Judy) to Petitioner's material habeas witness (former
Appellate Counsel, Mr. Louis M. Freeman, Esq.), was "never authorized"
by law, statute, common law and/or rule(s) i.e., why since then to
date, the Hon. McCurn declines to respond to said Affidavit of Recusal
and/or abide by any/all required rule(s) and/or laws, which are
applicable to the instant Judicial Misconduct in question;

     6.  Mr. Davidson, striving in good faith and with due diligence,
would like to present the instant complaint(s) "directly" to Deputy

Clerk, Mr. Mitchell, to compel him to immediately bring it to the Hon. McCurn's **"undivided attention"**, based on all the "missing motions/ documents (submitted), but withheld from Petitioner's Civil Docket Sheets" and all the "material motions/documents 'not considered'" in any of the District Court decisions;" and, for this Court's full considerations on their merits **(*/**/***)**, they are as follows:

### MATERIAL MOTIONS/DOCUMENTS "NOT CONSIDERED" IN ANY OF THE DISTRICT COURT DECISIONS

| | | |
|---|---|---|
| **Docket No. 7** | **(6/5/00)*:** | Complaint of misconduct against Trial Attorneys John Ford and Bruce Brian, Esqs. |
| **No. 8** | **(6/5/00)*:** | Exhibit-A, Time-Line by Jaime Davidson. |
| **No. 22** | **(10/3/00)*:** | Copy of letter by Jaime Davidson to Mr. Gary LaRusso of NYS Attorney Grievance Committee dated 9/26/00 re: American Bar Association Racial Profiling Standing Trial While Black. |
| **No. 23** | **(10/13/00)*:** | Memorandum by United States in Opposition to [1-1] Motion to Vacate under 28 U.S.C. 2255. |
| **No. 27** | **(11/28/00)***:** | Order denying Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [1]. Documents considered in said Order in question: [26, 25, 20, 11, 11(a), 9, 4, 3, 3 [Denying Motion For Evidentiary Hearing]. |

---

\*      Motions/documents not considered inside the Hon. McCurn's Decisions.
\*\*     Detailed inquiry as to <u>all</u> motions, documents/exhibits contained in Mr. Davidson's Civil Docket Sheets.
\*\*\*    Motions/documents which were the <u>"only ones"</u> considered inside the Hon. McCurn's numerous <u>"Memorandum-Decision and Orders"</u>, in Petitioner's case.

No. 29   (1/3/01) :         Copy of letter by Jaime Davidson dated 12/28/00
                            to U.S. Court of Appeals For The Second Circuit
                            advising that two motions contained herein are
                            to place the Court on notice that a serious
                            fraud has been perpetrated upon this Court, and
                            seeking Second Circuit intervention to contact
                            Judge McCurn and oversee the present
                            proceedings.

No. 30   (1/30/01)*:        Affidavit by Jaime Davidson in Support Re:
                            [28-1] Motion For Reconsideration of [27-1]
                            Order, [28-2] Motion For Court to Take Judicial
                            Notice That Fraud Has Been Committed Upon
                            Court, With Exhibits A Thru Q.

No. 31   (1/3/01)*:         Notice by Jaime Davidson that Exhibit G-1 to
                            [30-1] Affidavit will arrive later because it
                            is coming from overseas from his father,
                            Isaac Davidson, Sr.

No. 35   (1/9/01)*:         Petition by Youth Task Force addressed to Judge
                            McCurn to Free the Syracuse 5 w/signature
                            pages.

No. 41   (1/25/01)*:        Submission in Support of Certificate of
                            Appealability [40-1]; with attached Certificate
                            of Service.

No. 42   (2/12/01)*:        Petitioner's Objections to This Court's No-
                            Appearance Hearing and Unethical Violation of
                            Judicial Ex-Parte Communication With Petitioner's
                            Witness(es), and Request for Writ of Habeas
                            Corpus Ad Testificandum.

No. 47   (3/9/01)*:         Affidavit by Jaime A. Davidson in Support Re:
                            [46-1] Rebuttal Motion to Deny Government any
                            Additional Opportunity to Respond, [46-2]
                            Motion for Evidentiary Hearing, [46-3] Motion
                            to Deny Government's Response Alleging the
                            Court's Lack of Jurisdiction, [45-1] Motion
                            for Leave to File Rebuttal Motion to Govt's
                            Response in Opposition to Petitioner's Motions
                            For Reconsideration and Leave to Submit
                            Additional Pages, W/Exhibit-A.

No. 48   (4/6/01)***:       Order Denying [28-1] Motion For Reconsideration
                            of [27-1]. Documents considered in said Order
                            in question: 46-1 thru 3, 45, 43-1 thru 2, 38,
                            40, 36, 34, 33-1 thru 2, 28-2.

No. 49   (4/12/01)*:        Notice of Rejection by the Court of Mr.
                            Davidson's "Emergency Request for Court Order
                            to Acquire Material Factual Information From
                            Mr. David A. Rigle, M.D. to Prevent any
                            Miscarriage of Justice, returned unfiled in
                            accordance with Judge McCurn's Order issued
                            on 4/6/01.

|  | (4/25/01)**: | Pursuant to Order entered on 4/6/01- sent specific copies of documents to the Second Circuit Court of Appeals. |
|---|---|---|
| No. 50 | (6/20/01)***: | Order of the Second Circuit Denying Petition by Plaintiff for Writ of Mandamus.  The petition is construed as a Motion For Certificate of Appealability and as a Notice of Appeal from the [48-1] Order dated 4/6/01 directing the Clerk to reject any further motions submitted by Petitioner in this matter. District Court Clerk is directed to establish a Docket Number for Petitioner's appeal and transmit the record on appeal to the Second Circuit Court of Appeals. |
| No. 51 | (6/20/01)**: | Notice of Appeal/Writ of Mandamus by Jaime A. Davidson pursuant to Order entered on 6/20/01. Appeal record due on 7/20/01. |
| No. 54 | (9/7/01)**: | Judgment of USCA (certified copy) Re: [51-1] Appeal by Jaime A. Davidson Ordered that: District Court's transfer Order is vacated and the case is remanded to the NDNY District Court; Ordered that the Motions for a Certificate of Appealability and to proceed in Forma Pauperis are Denied without prejudice. (USCA No. 01-3035 closed). |
| No. 55 | (10/24/01) : | Amended Order of the U.S. Court of Appeals; certified copy dated 10/15/01 amending judgment filed on 9/7/01. |
| No. 57 | (11/19/01)**: | Record on appeal returned from U.S. Court of Appeals: [51-1] Appeal by Jaime A. Davidson (forwarded file to Judge McCurn's Chambers). |
| No. 59 | (12/27/01)***: | Order Denying Petitioner's [28-1] Motion For Reconsideration, Denying Petitioner's [31-1] Request For Certificate of Appealability, and Ordering that [34-1] Motion For Appellate Intervention  is Denied as moot. |
|  | (1/23/02)**/***: | Certified and transmitted record on appeal to U.S. Court of Appeals pursuant to [50-1] Mandate directing the District Court to forward the record. |
| No. 60 | (1/29/02): | Motion by Jaime A. Davidson For Reconsideration of [59-1] Order and Memorandum of Law W/Cert of Service.... Hearing set for 10:00 2/26/02. |
| No. 61 | (1/29/02)*: | Exhibit A to Plaintiff's Motion For Reconsideration. |

No. 62    (1/29/02)*/**:     Attachments by Plaintiff of all Petitions in
                             Support of Jaime Davidson to date.

No. 63    (2/4/02):          Notice of Appeal/Request to Stay Proceeding by
                             Jaime A. Davidson Appealing [59-1] Order filed
                             on 12/27/01.

No. 64    (2/4/02)*:         Affidavit by Jaime A. Davidson Re: Recusal of
                             Senior Judge McCurn.

No. 65    (2/5/02)**:        Certified and Transmitted Index to the Record
                             on Appeal to U.S. Court of Appeals: [63-1]
                             Appeal by Jaime A. Davidson (note: Record was
                             previously sent to the Court of Appeals on
                             1/23/02).

          (2/5/02)**:        Notice of Appeal and Certified Copy of Docket
                             to USCA Re: [63-1] Appeal by Jaime A. Davidson
                             (parties notified).

No. 69    (3/26/02)**:       Certified and Transmitted Second Supplemental
                             Index to the Record on Appeal to U.S. Court
                             of Appeals: [63-1] Appeal by Jaime A. Davidson.

No. 70    (4/3/02)*/**:      Davidson's Documents, Exhibits, Etc., In
                             Support of Motion For Reconsideration.

No. 71    (4/3/02)**/***:    Order Denying [60-1] Motion For Reconsideration
                             of [59-1] Order.

No. 72    (4/8/02)**:        Certified and Transmitted Third Supplemental
                             Record on Appeal to U.S. Court of Appeals:
                             [63-1] Appeal by Jaime A. Davidson.

No. 73    (4/15/02)**:       USCA Case Number Re: [63-1] Appeal by Jaime A.
                             Davidson USCA Number: 02-2082.

No. 74    (4/22/02)*:        Motion by Jaime A. Davidson For Reconsideration
                             of [71-1] Order, [59-1] Order, and consolidate
                             [**] All Previous Motions and Petitioner's
                             Initial 2255 Motion Into One Over-All Motion;....

No. 75    (4/24/02)**:       USCA Case Number Re: [63-1] Appeal by Jaime
                             A Davidson USCA Number: 01-2370 (Frank Perez/
                             USCA) and 02-2082 (Yolanda Siders/USCA).

No. 76    (5/13/02)*:        Letter by Jaime A. Davidson to Deputy Clerk
                             Mitchell dated 5/8/02 Requesting status of
                             "Affidavit of Recusal of the Hon. Neal P.
                             McCurn, S.J.," status of his New Motion
                             Reconsideration....

No. 77    (5/20/02)*:        Letter by Deputy Clerk Mitchell to Plaintiff
                             dated 5/20/02 in response to his [76-1]
                             Letter Re: Case status and Request for Docket
                             Sheet.

No. 78    (6/26/02)**:    Mandate of USCA (certified copy dated 6/12/02)
                          Re: [63-1] Appeal by Jaime A. Davidson;
                          Appellant has filed, pro-se Motions For a
                          Certificate of Appealability, to Proceed in
                          Forma Pauperis, and for other relief....

No. 80    (7/11/02)**:    Motion by Jaime A. Davidson For Evidentiary
                          Hearing W/Attached Memorandum of Law,
                          Certificate of Service and Exhibits A-K.

No. 81    (7/11/02)*:     Exhibit D By Jaime A. Davidson In Support of
                          [80-1] Motion For Evidentiary Hearing.

No. 82    (7/11/02)*:     Exhibit G By Jaime A. Davidson In Suuport of
                          [80-1] Motion For Evidentiary Hearing.

          (7/16/02)**:    Record on Appeal returned from U.S. Court of
                          Appeals: [63-1] Appeal by Jaime A. Davidson
                          (given to Terry Mitchell).

No. 83    (8/20/02) :     Supplemental Motion by Jaime A. Davidson For
                          Evidentiary Hearing W/Attachments....

No. 86    (9/6/02)***:    Order Denying [83-1] Supplemental Motion For
                          Evidentiary Hearing, Denying [80-1] Motion
                          For Evidentiary Hearing.

No. 87    (9/20/02)*:     Copy of letter to Plaintiff addressed to U.S.
                          Attorney Joseph Pavone dated 9/16/02, entitled
                          "Request For an Unmonitored Legal Call to
                          Request an Immediate Evidentiary Hearing."

No. 93    (12/17/02)*:    Letter by Jaime Davidson to Clerk dated 12/9/02
                          Requesting Status of "... Motion For
                          Reconsideration filed 4/22/02 and Affidavit of
                          Recusal..." and Status of Request to
                          "Consolidate All Previous Motions and
                          Petitioner's Initial 2255 Motion Into One
                          Over-All Motion (including complaints against
                          the BOP..." (Doc. #74).....

No. 95    (12/17-02)*:    Copy of letter by Jaime Davidson addressed to
                          U.S. Attorney dated 12/11/02, W/125 page
                          enclosure, Requesting Immediate Investigation,
                          Interview and Acquire a Deposition From an
                          Imposter/Fraudulent Forensic Scientist and
                          Alleged Crime Scene Reconstructionist, Mr.
                          Warren Stuart Bennett, an Urgent Evidentiary
                          Hearing, and 'Notice' that his Silence will
                          be taken as a concession to the factual
                          findings of the contents inside Mr. Robert
                          H. Goldberg, J.D., M.D.'s Affidavit.

No. 96    (12/31/02)***:    Order Denying [92-1] Motion Requesting Jury
                            Selection Transcripts and Voir Dire Transcripts,
                            Denying [74-1] Motion For Reconsideration of
                            [71-1] Order, [59-1] Order Re: 28 USC 2255....

## MISSING MOTIONS/DOCUMENTS (SUBMITTED), BUT WITHHELD
## FROM CIVIL DOCKET SHEET

1.  A letter dated March 27th, 2001, from the Youth Task Force,
    Executive Director (Ms. Angela E. Brown, M.Div. with
    Attachments, Requesting an **"Emergency Meeting"** with the
    Honorable Neal P. McCurn, S.J., due to a miscarriage of
    justice which had occurred in Mr. Davidson's case. And,
    in said meeting if Granted, Ms. Brown wanted to present the
    **"tape recorded interview"** as Newly Discovered Evidence,
    where Mr. David A. Rigle has confessed to her and Mr.
    Robert H. Goldberg, J.D., M.D. on December 5th, 2000,
    that the **"Government had lied"** to him...;

2.  Petitioner's "Emergency Request For a Court Order, to Acquire
    Material Factual Information From Mr. David A. Rigle, M.D.,
    to Prevent Any Miscarriage of Justice", dated April 3rd,
    2001 (addressed to the Hon. McCurn, S.J.). The record
    should reflect that, upon Mr. Davidson notifying the Hon.
    McCurn of Dr. Rigle's concessions proving Petitioner's
    innocence, said **"Document Rejection Order"** which was
    erroneously/unjustifiably rendered on April 6th, 2001, was
    only a vehicle to **"block"** said **"Newly Discovered Evidence(s)"**
    from being placed **on the record** (which the Second Circuit
    Court of Appeals Vacated and Remanded back to said District
    Court by a Court Order dated August 30th, 2001 and Amended
    Order dated October 15th, 2001). **See**, (Attached letter and
    supporting exhibits as highlighted at **supra**, in point No.1);

3.  Motion Requesting Leave to Attach Petitioner's Novel/Unique
    BP-8 (Institutional grievance), Due to Exceptional
    Circumstances to Prevent a Serious Miscarriage of Justice
    of a Prisoner Who is Actually (Factually) Innocent; dated
    March 6th, 2002, with Certified Return Receipts proving
    delivery and legal package accepted by Mr. Dominic Tibbetts
    on March 11th, 2002. **See**, (Said motion in question being
    reflected on page 2 n. 1, of the District Court's April 3rd,
    2002, Denial (Memorandum-Decision and Order));

4.  Motion Requesting Leave to Re-Submit Petitioner's "Affidavit
    in Support of the Honorable Neal P. McCurn, S.J.'s Recusal,"
    Leave to **"Stay"** the Proceedings to Hold an Evidentiary
    Hearing" Until the Final Disposition on the Merits of the
    Present Recusal Motion/Affidavit, Leave to File to Reconsider
    Petitioner's Motion For Evidentiary Hearing and Supplemental
    Motion of Same, to Prevent any Further Misicarriage of
    Justice of a Prisoner Who is Actually (Factually) Innocent,
    Dated September 20th, 2002, With Certified Return Receipts

proving delivery and legal package accepted by Mr. Dominic Tibbetts on September 25th, 2002. <u>See</u>, (Pending "Motion For New Trial...," at Exhibit-A);

5. Affidavit of Jaime A. Davidson in Support of Motion Requesting Leave to Re-Submit Petitioner's "Affidavit in Support of the Honorable Neal P. McCurn, S.J.'s Recusal...," To Prevent Any Further Miscarriage of Justice of a Prisoner Who is Actually (Factually) Innocent; notarized, signed and dated September 20th, 2002, with Certified Return Receipts proving delivery and legal package accepted by Mr. Dominic Tibbets on September 25th, 2002. <u>See</u>, (Pending "Motion For New trial...," at Exhibit-B);

6. Urgent Request For a Deposition of Mr. David A. Rigle, M.D., dated October 8th, 2002;

7. Urgent Notice Requesting response in Affidavit Format, Regarding Questions Stemming From Assassination of Syracuse Police Officer Wallie Howard, Jr. and Autopsy Report, With Attached Exhibits Dated, November 14th, 2002. <u>See</u>, (Pending "Petitioner's Second Urgent Motion/Notice For the Record to Reflect...," With Attached Exhibits Dated, March 7th, 2003, at Exhibit-H, at Pages 44-111);

8. Notice of Silence and/or Failure to Respond Amounting to Concession of Mr. Robert H. Goldberg, J.D., M.D. Medical Report Factual Finding From Officer Howard, Jr's Death (friendly fire), Dated November 18th, 2002;

9. Notice that all your silences has been considered a concession that Officer Wallie Howard, Jr. was indeed "assassinated and/or killed by friendly fire," for purposes of supplementing the Court records in good-faith, dated December 1st, 2002. <u>See</u>, (Pending "Petitioner's Second Urgent Motion/Notice For The Record to Reflect...," With Attached Exhibits Dated, March 7th, 2003, at Exhibit-H, at Pages 42-43);

10. Urgent Notice of Petitioner's Motion For New Trial..., Pursuant to Rule 59(a)(c)&(e), F.R. Civ. P., Being Submitted/Accepted as Timely Within Its 10 Days Deadline as Judge's Law Clerk Confirms, With Attached exhibits, Dated January 23rd, 2003. <u>See</u>, (Pending "Petitioner's Second Urgent Motion/Notice For The Record to Reflect...," With Attached Exhibits, Dated March 7th, 2003, at Exhibit-A, Pages 5-9);

11. Notice of Foul Play and Acknowlegement That Trial Testimony has Placed Innocent People in Prison For Life and Declines to Correct the Record Based on Professional Ethics and Civil Duties as a Member of the Forensic Science Community, With Attached BOP (Inmate Request To Staff), Dated January 31st, 2003. <u>See</u>, (Pages 10-24 of Petitioner's pending "Second Urgent Motion/ Notice...," Dated March 7th, 2003, at Exhibit-B);

12.   Notice For the Record to Reflect, Dated February 1st, 2003.
      **See**, (Pending "Petitioner's Second Urgent Motion/Notice For
      The Record to Reflect..." With Attached Exhibits, Dated March
      7th, 2003; at Exhibit-B, at Pages 1-24);

13.   Urgent Request For Copy of Motion For New Trial And Additional
      Motion, Affidavit And Letter Filed on Said Date; Dated
      February 10th, 2003.  **See**, (Pending Petitioner's Second Urgent
      Motion/Notice For The Record to Reflect, With Attached Exhibits,
      Dated March 7th, 2003; at Exhibit-C, at Page 25).

      7.   In support of Petitioner's claim Requesting the Recusal of

the Hon. McCurn, S.J. from presiding over the case at bar (where Mr.

Davidson seeks to place the Hon. McCurn and his Law Clerk, Judy to

testify on the stand upon a hearing being Granted), Mr. Davidson cites

for legal/authoritive guidance and/or for argument sakes, Rule 605 of

the New Federal Rules of Evidence.  This Rule states:

> **"Competency of Judge as witness:  The Judge presiding
> at the trial may not testify in that trial as a witness.
> No objection need be made in order to preserve the point."**

Id. At Rule 605, F.R.E.;

      8.   Petitioner asserts that, although dealing as it does, with

the matter of the Hon. McCurn, himself being disqualified, rather

than his Law Clerk, Judy (who executed the actual Ex-Parte contact

to Mr. Louis M. Freeman, Esq. off the record and since then to date,

the Hon. McCurn, S.J. has declined to place said judicial misconduct

on the record for any appellate review), Petitioner points to some of

the language of the Advisory Committee's Notes to Rule 605 which they

say is equally applicable to the giving of testimony by a Law Clerk

of the presiding Judge during a trial before a jury [or an Evidentiary

Hearing without a jury and only before said biased Judge].  This note

contains the following discussion of the Rule:

> **"The solution here presented is a broad rule of
> incompetency, rather than such alternatives as incompetency
> only as to material matters, leaving the matter to the**

discretion of the Judge, or recognizing no incompetency.
The choice is the result of inability to evolve
satisfactory answers to questions which arise when the
Judge abandons the bench for the witness stand.  Who
rules on objection?  Who compels him to answer?  Can he
rule impartially on the weight and admissibility of his
own testimony?  Can he be impeached or cross-examined
effectively?  Can he, in a jury trial, avoid conferring
his seal of approval on one side in the eyes of the jury?
Can he, in a bench trial, avoid an involvement destructive
of impartiality?  The rule of general incompetency has
substantial support. [And, as here, the Hon. McCurn
**"cannot"** execute none of the above examples impartially/
properly].  (Citations omitted)...." (Emphasis supplied).

**Id.** At 597. **See,** **Kennedy v. Great Atlantic...**, 551 F.2d 593(1977).

9.   Thus, Mr. Mitchell **"must"** point out to the Hon. McCurn the

fact that, on May 20th, 2002 [77-1] he responed to Mr. Davidson's

letter of inquiry dated May 13th, 2002 [76-1] stating that, Mr.

Davidson's "Affidavit of Recusal of the Hon. Neal P. McCurn, S.J."

was still pending since then to date (as Petitioner's Docket Sheet

"explicitly reflects");

10.   Moreover, the record should reflect that it is Mr. Mitchell's

duty/obligation to point out to the Hon. McCurn [his boss], the fact

where the record is crystal clear that this Honorable Judge is

intentionally and/or strategically striving to continue disregarding,

avoiding attempting to **"keep off the record"** all of Mr. Davidson's

claims addressing Petitioner's Affidavit of Recusal and the Hon.

McCurn's Ex-Parte Communication to Mr. Freeman, Esq. **"prohibited"**

by  law, Petitioner's request to depose Mr. David A. Rigle, M.D.

(with Ms. Angela E. Brown, M.Div's request for an emergency meeting

with the Hon. McCurn based on the said reasons as Petitioner), to

factually prove where Dr. Rigle had admitted that the **"Government**

**lied to him"** and it resulted in Mr. Davidson's wrongful conviction

for a police officer murder that Petitioner _never_ committed;

11.   In the instant matter at hand, this Honorable Court should pay very close attention to Mr. Terry J. Mitchell (who happens to be his [Hon. McCurn, S.J.] personal Deputy Clerk), after Mr. Mitchell's thorough review of the instant Urgent Notice and concludes all the required corrections with Petitioner's Civil Docket Sheet, then compelling the Hon. McCurn to revisit **"all"** Documents, Motions and/or Affidavits Etc., in question (either withheld from the record and/or never considered by any/all of the Court's Decisions); and, renders an **"over-all"** fully detailed and Docket Numbered Order reflective of every pleading(s) considered in full on their merits by the Hon. McCurn, S.J.; and

In the instant matter in question, Mr. Davidson, pro-se, directs the attention of Deputy Clerk, Mr. Terry J. Mitchell (who is very familiar with Petitioner's Habeas Corpus Pleadings), to **"diligently correct"** Mr. Davidson's over-all Docket Sheet, especially surrounding the previous motions recently submitted by Petitioner, where the Hon. McCurn, S.J. and the Clerk (LMB), intentionally construed the pending "Motion For New Trial...," as a **"Cross-Motion"** and classified various motions as being submitted with "Memorandum of Law" (which are far from the truth), to maliciously and unjustiably **"Reject"** said motions.  And, the Hon. McCurn should be notified by Mr. Mitchell, that the Government is also in crystal clear violations of Rule 59(a)&(c), for not submitting their Opposition with Supporting Affidavits within said 10 days Rule's **"Deadline"**, pursuant to Mr. Davidson's Motion For New trial (in light of Affidavits).

**WHEREFORE,** based upon the aforementioned facts/law(s) fully detailed in their entirety, Mr. Davidson, pro-se, respectfully

-13-

requests/humbly prays that this Honorable Court Grants Mr. Davidson's fully detailed requests set forth at <u>supra</u>, in their entirety for the best interest of justice and/or Grants whatever other relief this Honorable Court deems just, proper and/or necessary as the law demands, to enhance the public's confidence in the judicial system (from any/all Clerks Misconducts), creating a serious fundamental miscarriage of justice against a prisoner who is actually "factually" innocent of the "ASSASSINATION OF SYRACUSE POLICE OFFICER, WALLIE HOWARD, JR."

SIGNED ON THIS ___26___ , DAY OF ____MARCH____ , 2003.

RESPECTFULLY SUBMITTED,


JAIME A. DAVIDSON, PRO/SE.
Reg. No. 37593-053 (B-4)
USP - POLLOCK
P.O. Box - 2099
Pollock, LA  71467

-14-

# CERTIFICATE OF SERVICE

I,  Jaime A. Davidson, pro-se,      , hereby certify that I have served a true and correct copy of the foregoing:

### EMERGENCY NOTICE OF JUDICIAL AND CLERKS MISCONDUCT CREATING A SERIOUS FUNDAMENTAL MISCARRIAGE OF JUSTICE

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

> MR. JOHN G. DUNCAN, ESQ.
> EXEC. ASSISTANT U.S. ATTORNEY
> 900 Federal Building
> P.O. Box – 7198
> Syracuse, N.Y. 13261-7198

and deposited same in the United States Postal Mail at the United States Penitentiary, Pollock, Louisiana.
Signed on this   2 6   day of   MARCH, 2003.

Respectfully Submitted,

Jaime A. Davidson, pro-se.

REG. NO. 37593-053
USP-Pollock
PO BOX-2099
Pollock, LA 71467

71

CERTIFIED MAIL 7099 3400 0001 5153 9220

JAIME A. DAVIDSON
Reg. No. 37593-053 (Unit C-3)
FCI Edgefield
Post Office Box - 724
Edgefield, S.C.   29824

April 3, 2001

Hon. Neal P. McCurn, S.J.
UNITED STATES DISTRICT COURT
P.O. Box - 7365
100 South Clinton Street
Syracuse, New York 13261-7365

RE: UNITED STATES v. JAIME A. DAVIDSON
    CRIM. No. 92-CR-35 / CIVIL No. 5:00-CV-869(NPM)

EMERGENCY REQUEST FOR A COURT ORDER, TO ACQUIRE
MATERIAL FACTUAL INFORMATION FROM MR. DAVID A.
RIGLE, M.D., TO PREVENT ANY MISCARRIAGE OF JUSTICE

Dear Hon. McCurn, S.J.:

1

        Please be advised that the purpose of the instant Emergency
Request For A Court Order, lies around the fact that Dr. David A.
Rigle has previously "ADMITTED" to some crucial act of
"Prosecutorial/Governmental Misconduct" concerning the alleged
murder of Officer Wallie Howard, Jr., and in order for me to
factually prove my innocence, I would need your Honor to Grant an
"EMERGENCY COURT ORDER," authorizing Dr. Rigle to be deposed by Ms.
Angela Brown and Mr. Robert H. Goldberg, J.D., M.D. And, if by any
chance the deposition will create too much problem for your Honor,
an Order instructing Dr. Rigle to be interviewed and sign an
Affidavit for the record, will surely suffice my present request,
being how he has suggested that we must first go through the proper
Legal Channels.

        Your Honor, based on the fact that I do not have an attorney
of record to conduct my present factual and/or criminal investigation,
I was compelled to exercise my Constitutional Rights as a Petitioner,
pro se, to move as my own Habeas Counsel of Record, making contact
with Your Honor's Chambers and the U.S. District Attorney, Daniel J.

NO. 2                                         147

*72*

French (and, AUSA John G. Duncan, Esq.), to expeditiously resolve the "**FRAUD**" that has been perpetrated upon the Grand Jury, Petit Jury and this Honorable Court.  As the record will reflect, on Monday March 26, 2001 at approximately 3:20 pm, I had contacted your Honor's Chambers via, the telephone and it was to no avail (a recorder came on, I proceeded by leaving the aforementioned message, and to date, your Honor has failed to diligently contact me at FCI Edgefield; Tel. No. (803) 637-1500, at Unit C-3).

On Tuesday March 27, 2001 at approximately 3:20 pm again, I contacted the following:  1. Your Honor's Chambers and left the said message mentioned above in the telephone machine recorder; 2. The Hon. Daniel J. French, I spoke to his secretary who in turn forwarded my call to "**Ms. Paula Briggs**," AUSA John G. Duncan, Esq. Secretary (who I left the said message mentioned above with for Mr. Duncan, and to have him contact me, in order for us to arrange the procedures for Dr. Rigle to be deposed, and to date, it also has been to no avail); and 3. I contacted your Honor's Deputy Clerk, Mr. Terry J. Mitchell, who I expressed my imminent concerns surrounding the instant matter at hand, and in turn Mr.Micthell "**Instructed**" me to write your Honor the present letter, addressing my issue(s) of major concern(s).

*2*

Moreover, in the alternative, Your Honor, I am also humbly requesting that being how this happens to be a critical "**NOVEL**" matter of "**EXTRAORDINARY AND/OR EXCEPTIONAL CIRCUMSTANCES**", if this Honorable Court can arrange a special hearing in its chamber, with Dr. David A. Rigle, in the presence of Mr. Robert H. Goldberg, J.D., M.D., Ms. Angela Brown and AUSA, Mr. John G. Duncan, Esq., to finally settle the present dispute that will prove my claims of being actually (factually) innocent Beyond a Reasonable Doubt, on offenses I was allegedly convicted of.  Thus, rendering any ruling at this present moment on my § 2255 Reconsideration Motion, omitting the testimony of Dr. David A. Rigle, will "**ONLY**" create a mass issue of "**MANIFEST AND/OR MISCARRIAGE OF JUSTICE**," of a prisoner who is actually innocent of the alleged charges and/or convicted offenses. <u>See</u>, (Attached letter by Ms. Angela

*148*

73

Brown to the Hon. Neal P. McCurn, S.J.)

In regards to my present request, Your Honor should take into critical consideration the fact that, if Officer Wallie Howard, Jr., was assassinated by his own partners; the crime was covered up for over 10 years to date; the Government renamed a Multi-Million dollar building to honor him; and now, low and behold, Dr. Rigle ADMITS that the Government "LIED" to him and based on the true facts he has just learned via, the State and Federal Trial testimony of the officers present at the crime scene, Mr. Robert Lawrence couldn't have been the alleged trigger man.  Your Honor, would you please ask yourself this question, wouldn't the actual killers do the same by targeting Dr. Rigle to kill him and bury the truth and/or place fear in him to run away for good, and/or compel him to disappear?  The truth lies around Dr. Rigle's testimony and justice will "NEVER" be served without granting the requested Court Order.

3

In Finley v. Johnson, Appeal No. 99-40925 (5th Cir. Revised March 15, 2001), the Court found that, "to establish the requisite probability that he was actually innocent, the Petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable Juror would have convicted him in the light of the new evidence.'" (Quoting Schlup v. Delo, 513 U.S. 298 (1995)).  In the instant matter at hand, had the Jurors heard the concessions of Dr. Rigle, made to Dr. Goldberg and Ms. Brown, I would have been acquitted of the present charges found in my alleged indictment i.e., because, I would have been pointing to "NEW RELIABLE EVIDENCE" which is both "UNDISPUTED AND HIGHLY PROBATIVE," to my claims of actually (factually) innocent.  In my case, as in Finley, I have made a sufficient showing that under the present extraordinary circumstances if your Honor declines in Granting any of my requests mentioned herein, this case would result in a serious fundamental Miscarriage of Justice.

THEREFORE, thanks in advance for your time, assistance and earnest consideration in this most critical situation of first

149

CERTIFIED MAIL 7099 3400 0001 5153 9220

*74*

(National) impression.

Your most urgent and/or expeditious response with a **"COURT ORDER"** as requested herein, will be highly appreciated.

Respecfully Submitted,

JAIME A. DAVIDSON, PRO SE

Sworn and Subscribed before me the undersigned authority, on this 2nd day of April_____, 2001.

Signature of Notary

My Commission Expires: 9/17/08_____.

*4*

cc: To all parties mentioned in Federal Criminal Complaint.

4

*150*





March 27, 2001

Via Fax – 843-651-0136
US Mail

Judge Neal P. McCurn
PO Box 7365
100 South Clinton Street
Syracuse, NY 13261-7365

Re:   <u>United States vs. Jaime Davidson</u>

Dear Honorable Judge McCurn:

Please be advised that this letter is to request an emergency meeting with your Honorable court due to the miscarriage of justice in the above referenced case.

In January 2001, Dr. Robert Goldberg and I met with Dr. David Rigle to discuss the autopsy of Officer Wallie Howard. Based on that conversation, we feel that it is imperative that your Honorable Court grant us a meeting to present to you evidence that Dr. Rigle was lied to by authorities (police) investigating the case. As a result of such lies, Dr. Rigle was deceived into testifying falsely regarding Officer Howard's death.

Prior to me submitting the trail testimonies to Dr. Rigle, he had agreed to be deposed. However, after being sent the trial testimonies of the position Officer Howard died, Dr. Rigle not only declined his original offer, he in fact went to the authorities lambasting our efforts (see attached).

Your Honorable Judge, we have done nothing wrong, unless seeking justice in the above referenced matter is wrong, then we must stand accused.   However, if seeking justice is not wrong, then we enjoin your Honor to grant a meeting with Dr. Goldberg, myself, and any all other parties to discuss this matter. Since no counsel of record has been granted in this matter, we are coming to your Honor directly with the new evidence we have been able to discover. We look forward to you response. You can contact me directly at 404-314-4949.

Sincerely,

Angela Brown
Co-Director

No. 1                                    15.1

24

# MARIE Y. WATSON & ASSOCIATES, P.C.
### Attorney

| Main Office | Satellite Office |
|---|---|
| 41 Marietta Street, NW | 945 South Hairston Road |
| Suite 410 | Stone Mountain, Georgia 30088 |
| Atlanta, Georgia 30303 | Telephone (404) 501-9115 |
| Telephone (404) 522-4101 | Fax (404) 501-9116 |
| Fax (404) 522-4108 | MARK A. SCOTT |
| | of Counsel |

January 17, 2001


Dr. David Rigle
530 Oak Street
Syracuse, New York 13202

     Re:    Deposition

Dear Dr. Rigle:

Pursuant to the above, please find attached documents for your review. We will arrange with your office later this week the date and time most convenient to you for the deposition.

6

Please be advised that Dr. Goldberg and myself will handle the deposition. I have researched the web and located a number of court reporters. If your office has a particular service that you use, we will be open to securing them. If you have any questions, please feel free to contact Dr. Goldberg (770) 424-5515 or myself at the above satellite address or on my cellular phone (404) 314-4949.

Sincerely,

Angela Brown
Legal Assistant
MARIE Y. WATSON & ASSOCIATES

152

81/23/2021  15:28   315426*290                                                      PAGE  02

David A. Rigle, M.D.
550 Oak Street
Syracuse, New York 19203
915-426-1250
fax: 915-426-1240

January 23, 2001

via fax only 770-424-8515

Robert H. Goldberg, M.D., J.D.
1600 Suite D, Oakpointe Dr. S.W.
Marietta, Ga 30008

Dear Dr. Goldberg:

    Please be advised that as a professional courtesy to you, as a fellow physician, I initially addressed some basic questions you raised in connection with the autopsy I performed on Wallie Howard, Jr., on October 31, 1990. I found no issues of concern in this regard as the only information we discussed, was what I had testified to in the past, in open court. Accordingly, there was no breach of confidentiality that concerned me. Subsequently, I have received from Angela Brown for review a binder of materials regarding the investigation of Officer Howard's death. Also, you and Ms. Brown have contacted my secretary repeatedly in an attempt to reach me to schedule a deposition regarding this matter.

    When I handled the autopsy of Officer Howard in 1990, I was acting as an official of Onondaga County and the Onondaga County Medical Examiner's Office. I am no longer with that office. Accordingly, please be advised that I cannot be of assistance to you in this regard.

    If there is a valid need for my expert assistance, I should be advised of such through proper legal channels.

Very truly yours,

David A. Rigle, MD, BCFE, BCFM
Medical Director
Chief Forensic Consultant

DAR/mas

cc:  Investigator Henry Brown
    Onondaga County District Attorney's Office
    Via fax only 315-435-3969

# YOUTH TASK FORCE

**PO BOX 11078 · ATLANTA, GEORGIA 30310**
**(404) 752-8275**
**youthtaskforce@msn.com**

**For Immediate Release**                    Contact: Angela Brown (404) 314-4949
                                                     Jaime Davidson (803) 637-1500
                                                     Inmate Number: 37593-053

### Dr. Rigle Admits Problems in Wallie Howard Investigation:
### Judge McCurn Still Denies *Syracuse 5* Access to Courts

Atlanta, GA—After months of trying to litigate his case from beyond prison cells, Jaime Davidson, the alleged ringleader of the Syracuse 5, received an order from Judge McCurn today barring him from ever submitting anything else in the Northern District Court in Syracuse, New York. In fact, the Judge went so far as to refuse to allow tax paid clerks to even given him any information over the phone, which is readily available to anyone else—in prison or not.

Nevertheless, this most recent decision by Judge McCurn has left the Youth Task Force in a quandary. The Youth Task Force had submitted a letter to Judge McCurn, requesting an in camera hearing to release information revealed by Dr. Rigle. However, with the recent Order given by the Judge, the door to justice seems to have closed. "We have fought fair and hard regarding the case of Jaime Davidson, says Angela Brown of the Youth Task Force, "But it is clear that Judge McCurn, like so many other local Syracusians, have to live in Syracuse and refuse to do anything to question the depth of the corruption that lead to the assassination of Officer Howard." 

With top medical experts submitting to Judge McCurn sworn testimony that the gun fired by Robert Lawrence was not the bullet that killed Officer Howard; to the known false expert (now under a federal investigation) hired by the defense attorneys and paid by tax dollars; to the thousands of signatures collected around the world calling for a new trial; to Dr. Rigle's admission to being lied to by the police—and yet none of this new evidence did anything to sway Judge McCurn in his decision to grant Jaime Davidson his constitutional right to be heard.

Jaime Davison and Youth Task Force will continue to appeal this case unto the highest court in this land. In addition, Judge McCurn has not heard the last of the Syracuse 5 or the Youth Task Force. "We may have lost this round, but the battle is far from over," says Jaime Davidson. "I have a lot more fight left and this most recent decision just lets me know that freedom will be mine and the truth is what will set me free."

If you would like to assist with the case of the Syracuse 5 or contact Jaime Davidson directly for an interview, you may call him at (803) 637-1500, Inmate Number 37593-053 or write to him at Jaime Davidson, 37593-053, PO Box 724-FCI, Edgefield, SC 29824.

`### 

218



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK
# 100 SOUTH CLINTON STREET
# SYRACUSE, NEW YORK 13261-7367

## DOCUMENT REJECTION NOTICE

DATE: <u>April 12, 2001</u>

RE:    <u>Davidson vs. United States</u>

Jaime A. Davidson
Reg. No. 37593-053
FCI Edgefield
Edgefield, SC 29824

```
┌──────────────────────────────┐
│ U.S. DISTRICT COURT — N.D. OF N.Y. │
│         FILED                │
│                              │
│        APR 1 2 2001          │
│                              │
│ AT_____ O'CLOCK_____     │
│ Lawrence K. Baerman, Clerk — Syracuse │
└──────────────────────────────┘
```

CASE NUMBER:    5:00-CV-869

PAPERS REJECTED:  <u>Emergency Request for a court order, to acquire material factual information
                  from Mr. David A. Rigle, M.D., to prevent any miscarriage of justice</u>

Please be advised that the enclosed paper(s) in the above-entitled action have been rejected and
returned herewith by the Court, in accordance with the Memorandum-Decision and Order of Judge
McCurn dated April 6, 2001, that all future papers regarding this matter be rejected without filing.

**NOTE:**    **A copy of this notice has been served upon the parties in this action.**

LAWRENCE K. BAERMAN
Clerk of Court

By: Terry J. Mitchell
Deputy Clerk

cc: John Duncan, AUSA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

JAIME A. DAVIDSON,
   PETITIONER,    )
            )
            ) CRIM. NO. 92-CR-35
            ) CIVIL NO. 5:00-CV-869(NPM)
  -Vs-        ) APPEAL NO. 02-2082(OPEN)
            ) APPEAL NO. 01-3035
            )
UNITED STATES OF AMERICA,  )
   RESPONDENT.    )
_____/

MOTION REQUESTING LEAVE TO ATTACH
PETITIONER'S NOVEL/UNIQUE BP-8 (INSTITUTIONAL
GRIEVANCE), DUE TO EXCEPTIONAL CIRCUMSTANCES
TO PREVENT A SERIOUS MISCARRIAGE OF JUSTICE
OF A PRISONER WHO IS ACTUALLY (FACTUALLY)
INNOCENT

*10*

TO THE HONORABLE JUDGE OF SAID COURT;

MAY IT PLEASE THIS COURT:

  COMES NOW, PETITIONER, JAIME A. DAVIDSON, PRO-SE,
AND REFERRED TO HEREIN AS PETITIONER), BRINGS FORTH THE
INSTANT MOTION IN THE ABOVE STYLED CAUSE (PURSUANT TO THE
APPROPRIATE RULES IN THE F.R. Civ. P. AND/OR RULES GOVERNED
UNDER 28 U.S.C. §2255), HUMBLY PRAYING AND/OR RESPECTFULLY
REQUESTING THAT THIS HONORABLE COURT REVIEWS/ENTERTAINS

No. 3        APPX. V

# CERTIFICATE OF SERVICE

I, JAIME A. DAVIDSON, Pro-se hereby certify that I have served a true and correct copy of the following:

MOTION REQUESTING LEAVE TO ATTACH
PETITIONER'S NOVEL/UNIQUE BP-8 (INSTITUTIONAL
GRIEVANCE), DUE TO EXCEPTIONAL CIRCUMSTANCES
TO PREVENT A SERIOUS MISCARRIAGE OF JUSTICE
OF A PRISONER WHO IS ACTUALLY (FACTUALLY)
INNOCENT

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston v. Lock</u> 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

MR. JOHN G. DUNCAN, ESQ.
ASSISTANT U.S. ATTORNEY
900 FEDERAL BUILDING
P.O. BOX - 7198
SYRACUSE, N.Y. 13261-7198

SECOND CIRCUIT COURT OF APPEALS
ATTN: MR. BENJAMIN MOSS
    CASE NO. 01-3035
    MS. YOLANDA SIDERS
    CASE NO. 02-2082
CLERK OF COURT (DEPUTIES)
UNITED STATES COURTHOUSE
40 FOLEY SQUARE
NEW YORK, N.Y. 10007

and deposited same in the United States Postal Mail at the United States Penitentiary, Pollock Louisiana, on this: _____ 6 _____ day of: _____ MARCH _____, 2002.

Jaime A. Davidson
JAIME A. DAVIDSON, PRO-SE.
REG. N.: 37593-053 (B-4)
(USP) POLLOCK
P.O.Box 2099
POLLOCK, LA 71467



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only: No Insurance Coverage Provided)

JAIME P. DEL BUONO 37593-053 (B-4)

| | |
|---|---|
| Postage | $ 5.15 |
| Certified Fee | 2.10 |
| Return Receipt Fee (Endorsement Required) | 1.50 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 8.75 |

Sent To
U.S. DISTRICT COURT/HON. NEAL P. McCurn
Street, Apt. No.; or PO Box No. 100 S. CLINTON ST.
P.O. Box 7365
City, State, ZIP+4
SYRACUSE, N.Y. 13261-7365

PS Form 3800, January 2001            See Reverse for Instructions

*12*

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. DISTRICT COURT
HON. NEAL P. McCurn, S.J.
100 SOUTH CLINTON ST.
P.O. Box - 7365
SYRACUSE, N.Y. 13261-7365

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
Domingo Villone      3-11-00

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7001 1940 0006 8907 3702

PS Form 3811, August 2001      Domestic Return Receipt      102595-01-M-2509

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMIE A. DAVIDSON,

                    Petitioner,

          v.                                    00-CV-00869

UNITED STATES OF AMERICA,

                    Respondent.

APPEARANCES:                          OF COUNSEL:

JAMIE A. DAVIDSON
Petitioner, Pro Se
Reg. No. 37593-053
USP-Pollock
Post Office Box 2099
Pollock, LA 71467

HON. JOSEPH PAVONE
United States Attorney                JOHN DUNCAN
Northern District of New York         Assistant U.S. Attorney
P. O. Box 7198
Syracuse, NY 13261-7198                                      _13_
Attorney for Respondent


                MEMORANDUM-DECISION AND ORDER

McCURN, Senior Judge:

     In a December 27, 2001 Memorandum-Decision and Order, this

Court denied petitioner Jamie A. Davidson's motion for

reconsideration brought pursuant to Rule 60(b) of the Federal

Rules of Civil Procedure (see Dkt. No. 59).  In that Rule 60(b)

motion, Davidson argued that "newly discovered evidence" of a

                              -1-                    EX-H

"fraud committed upon the [C]ourt" justified relief from a November 28, 2000 Memorandum-Decision and Order denying his 28 U.S.C. § 2255 petition (see Dkt. No. 28).

Davidson now moves again for reconsideration pursuant to Rule 60(b), asking this Court to "entertain the present motion in its entirety, in conjunction with Petitioner's initial (previous) Motion for Reconsideration" (see Dkt. No. 60) (internal quotation marks omitted).

Rule 60(b) provides that a district court may relieve a party from a final judgment or order for, among other things, "newly discovered evidence," "fraud" or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(2)(3) & (6).

*14*

The Court carefully reviewed and evaluated the submissions contained in Davidson's previous Rule 60(b) motion, and has also carefully and thoroughly considered Davidson's arguments and attachments in this current Rule 60(b) motion.[1] Having done so, the Court reaches the same conclusion. No "newly discovered

---

[1] The Court has included in its review petitioner's March 6, 2002 document entitled "Motion Requesting Leave to Attach Petitioner's Novel/Unique BP-8 (Institutional Grievance), Due to Exceptional Circumstances To Prevent A Serious Miscarriage of Justice Of A Prisoner Who Is Actually (Factually) Innocent." The Court has also reviewed all the attachments accompanying the above document.

-2-

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

JAIME A. DAVIDSON,                    )
                                      )
            Petitioner,               )
                                      )
                                      )     CIVIL NO. 5:00-CV-869(NPM)
        -vs-                          )     CRIM. NO. 92-CR-35
                                      )     APPEAL NO. 01-2370
                                      )
UNITED STATES OF AMERICA              )
                                      )
            Respondent.               )
_____/

MOTION REQUESTING LEAVE TO RE-SUBMIT PETITIONER'S
"AFFIDAVIT IN SUPPORT OF THE HONORABLE NEAL P. McCURN,
S.J.'s RECUSAL," LEAVE TO "STAY" THE PROCEEDINGS TO
HOLD AN "EVIDENTIARY HEARING" UNTIL THE FINAL
DISPOSITION ON THE MERITS OF THE PRESENT RECUSAL
MOTION/AFFIDAVIT, LEAVE TO FILE A TRAVERSE MOTION
UPON THE GOVERNMENT'S RESPONSE, AND LEAVE TO RECONSIDER
PETITIONER'S MOTION FOR EVIDENTIARY HEARING AND
SUPPLEMENTAL MOTION OF SAME, TO PREVENT ANY FURTHER
MISCARRIAGE OF JUSTICE OF A PRISONER WHO IS ACTUALLY
(FACTUALLY) INNOCENT

_____

*15*

TO THE HONORABLE JUDGE OF SAID COURT;

MAY IT PLEASE THIS COURT:

Comes Now, Petitioner, Jaime A. Davidson, Pro-Se, (and

referred to herein as Petitioner), bringing forth the instant

motion in the above styled cause, humbly praying and/or

respectfully requesting that this Honorable Court thoroughly

reviews the instant motion as a whole and GRANTS the same. In

support thereof, Mr. Davidson, Pro-Se, to wit, states as follows:

    1. Mr. Davidson, Pro-Se, in a good-faith, novel and timely

manner with extreme due diligence, humbly submits the instant

*NO. 4*

# *CERTIFICATE OF SERVICE*

I, **JAIME A. DAVIDSON, PRO-SE.**       , hereby certify that I have served a true and correct copy of the foregoing:  **"MOTION REQUESTING LEAVE TO RE-SUBMIT PETITIONER'S "AFFIDAVIT IN SUPPORT OF THE HONORABLE NEAL P. McCURN, S.J.'s RECUSAL," LEAVE TO STAY THE PROCEEDINGS TO HOLD AN "EVIDENTIARY HEARING" UNTIL THE FINAL DISPOSTION ON THE MERITS OF THE PRESENT RECUSAL MOTION/AFFIDAVIT, LEAVE TO FILE A TRAVERSE MOTION UPON THE GOVERNMENT'S RESPONSE, AND LEAVE TO RECONSIDER PETITIONER'S MOTION FOR EVIDENTIARY HEARING AND SUPPLEMENTAL MOTION OF SAME, TO PREVENT ANY FURTHER MISCARRIAGE OF JUSTICE OF A PRISONER WHO IS ACTUALLY (FACTUALLY) INNOCENT"**

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

**Mr. John G. Duncan, Esq.**
**Assistant U.S. Attorney**
**900 Federal Building**
**P.O. Box 7198**
**Syracuse, N.Y. 13261-7198**

**Honorable Chief Judge**
**ReL Judicial Conduct Complaint**
**Docket No. 02-8543**
**Second Circuit Court of Appeals**
**United States Courthouse**
**40 Foley Square-Room 1702**
**New York, N.Y. 10007**

*16*

and deposited same in the United States Postal Mail at the United States Penitentiary, Pollock, Louisiana.

Signed on this   **2 0**   day of   **September**  , 2002.

Respectfully Submitted,

*Jaime A. Davidson*
**Jaime A. Davidson, Pro-Se.**

REG. NO. **#37593-053**
USP-Pollock
PO BOX-2099
Pollock, LA 71467

-15-

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

JAIME A. DAVIDSON,          )
     Petitioner,          )
                 )
                 )   CIVIL NO. 5:00-CV-869 (NPM)
     -vs-          )   CRIM. NO. 92-CR-35
                 )   APPEAL NO. 01-2370
                 )
UNITED STATES OF AMERICA          )
     Respondent.          )
_____/

**AFFIDAVIT OF JAIME A. DAVIDSON IN SUPPORT OF MOTION
REQUESTING LEAVE TO RE-SUBMIT PETITIONER'S "AFFIDAVIT
IN SUPPORT OF THE HONORABLE NEAL P. McCURN, S.J.'s
RECUSAL..., TO PREVENT ANY FURTHER MISCARRIAGE OF
JUSTICE OF A PRISONER WHO IS ACTUALLY (FACTUALLY)
INNOCENT**

TO THE HONORABLE JUDGE OF SAID COURT;

MAY IT PLEASE THIS COURT:                              *17*

    Comes Now, Affiant/Petitioner, Jaime A. Davidson, Pro-Se,

(Reg. No. 37593-053), presently housed at USP-Pollock (P.O. Box 2099,

Pollock, Louisiana 71467), hereby certifying that this "affidavit

in support of the instant motion requesting leave to 're-submit'

Petitioner's affidavit of recusal...," Is presently being brought

to this Honorable Court with extreme due diligence and under good-

faith, and after being duly sworn, Affiant deposes and says:

    1. That I, me, my, Affiant and/or Petitioner, is referred

to herein as Jaime A. Davidson;

    2. That I have personal knowledge of the facts set forth in

this "affidavit of Jaime A. Davidson in support...;"

    3. That this is a unique "prima facie" affidavit that raises

a number of critical issues of exceptional circumstances and of

*NO. 5*

evidentiary hearings, Affiant was very detail with his claims, arguments and exhibits, covering all the who, what, when, where, names, dates, and places etc., bolstering my case as a whole; and, that warrant's the mandatory grant for an evidentiary hearing. **See**, **David v. U.S.**, 134 F.3d 470 at 478 (1st Cir. 1998).

**WHEREFORE**, based upon the aforementioned facts detailed herein as a whole, in conjunction with Affiant's instant motion and "motion for an evientiary hearing and supplemental motion of same," Affiant hereby asserts and certifies under the penalty of perjury (pursuant to Title 28 U.S.C. § 1746), that every fact set forth by me herein as a whole is true and correct to the best of my own personal knowledge and/or clear recollection. Affiant further asserts/certifies that I am willing and able to testify under oath to the above stated fact in any District Court of the United States.

*18*

Executed on this ___20___ day of ___SEPTEMBER___, 2002

Respectfully Submitted,

Jaime A. Davidson, Pro-Se.
Affiant

Sworn and Subscribed Before Me The Undersigned Authority, on this ___10___ day of ___Sept___, 2002.

_____
Signature of Notary

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. 4004).

My Commission Expires: _____.

-11-

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7001 1940 0006 8915 5514

Tim E. D. Davidson / 2759 U.S. (EY)

| | |
|---|---|
| Postage | $ 3.85 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $7.90 |

Postmark Here

Sent To
HON. NEAL P. McCurn, S.J. "IN CHAMBERS"
Street, Apt. No.; 100 SOUTH CLINTON STREET
or PO Box No. P.O. Box - 7365
City, State, ZIP+4 SYRACUSE N.Y. 13261-7365

PS Form 3800, January 2001          See Reverse for Instructions

*19*

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HON. NEAL P. McCurn, S.J.
U.S. DISTRICT COURT
100 SOUTH CLINTON STREET
P.O. Box - 7365
SYRACUSE, N.Y. 13261-7365
ATTN: "JUDGE-IN-CHAMBERS"

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
D.T. Roberts   9/25/02

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7001 1940 0006 8915 5514

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509

Jaime A. Davidson
Reg. No. 37593-053 (B-4)
U.S.P. Pollock
P.O. Box - 2099
Pollock, LA 71467

October 8, 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
**CHAMBERS OF SENIOR JUDGE**
**NEAL P. McCURN**
P.O. BOX - 7365
100 South Clinton Street
**SYRACUSE, N.Y. 13261-7365**

RE: <u>**JAIME A. DAVIDSON v. UNITED STATES 5:00-CV-00869**</u>

<u>**URGENT REQUEST FOR A DEPOSITION OF MR. DAVID A. RIGLE,M.D.**</u>

Dear Hon. McCurn,S.J.:                                    $20$

In light of the Second Circuit's June 12th, 2002, Order of REMAND
regarding two (2) discrete issues, I am coming before you via,
letter, in a simplistic form (as a <u>pro-se</u>, litigant proceeding as
counsel of record, executing my own independent investigation).
Hon. McCurn, veiwing how diligently you responded to the Govern-
ment's request for a 30 days extension of time within one (1) day,
I have decided to utilize said letter practice being exercised on
the record, to request for an immediate "ORDER" granting me the
right to acquire a "DEPOSITION" from Dr. Rigle (who on Dec. 5th,
2000, expressed the fact to Ms. Angela E. Brown,M.Div. and
Mr. Robert H. Goldberg,J.D.,M.D., that the Government had lied to
him as to Officer Wallie Howard, Jr's seated position before and
after being allegedly shot), confirming the fact that I am actually
(factually) innocent of the charges I was found guilty on.  And,
proving that Officer Howard, Jr. was **"ASSASSINATED BY HIS OWN FELLOW
PARTNERS/OFFICERS."**

Hon. McCurn, for the record sakes, the aforementioned request has
every relevance with issue No. 2, which states that trial counsel
was ineffective by withholding my documents and hindering my Appeal
when requested by my new Appellate Counsel, Mr. Louis M. Freeman,
Esq.  Especially, had Mr. John F. Laidlaw, Esq. turned over all my
Discovery Materials as stated in Mr. Freeman's Statement of Affirma-
tion, the outcome of my Direct Appeal would have been different, <u>i.e.</u>,
based on the fact that Mr. Freeman would have retained his own forensic
Pathologist like Dr. Goldberg, to review the entire record and conduct
his own investigation; that is why I need an evidentiary hearing to
prove my claims of ineffective assistance of trial counsel.

Thanks in advance for your time and consideration.  I also humbly
pray that you diligently grant my present request and my pending
Motions/Affidavit recently submitted.

Respectfully submitted,

cc: MrJohn G. Duncan, Esq.
    ALL INTERESTED PARTIES     *NO. 6*
                              Jaime A. Davidson

Jaime A. Davidson
Reg. No. 37593-053 (B-4)
U.S.P. Pollock
P.O. Box - 2099
Pollock, LA 71467

November 14, 2002

Mr. David A. Rigle,M.D
530 Oak Street
Syracuse, New York 13203

Tel. No. (315)426-1250
Fax. No. (315)426-1240

Office Of The Medical Examiner
Onondaga County Health Department
CENTER FOR FORENSIC SCIENCES
<u>Attn</u>: Ms. Mary I. Jumbellic,M.D.
Chief Medical Examiner
100 Elizabeth Blackwall Street
Syracuse, New York 13210

Tel. No. (315)435-3161
Fax. No. (315)415-3319

RE: **UNITED STATES V. JAIME A. DAVIDSON**
**CRIM. NO. 92-CR-35 / CIVIL NO. 5:00-CV-869 / APPEAL NO. 01-2370**

**URGENT NOTICE REQUESTING RESPONSE IN AFFIDAVIT FORMAT, REGARDING**
**QUESTIONS STEMMING FROM ASSASSINATION OF SYRACUSE POLICE OFFICER**
**WALLIE HOWARD, JR. AND AUTOPSY REPORT**

*21*

Dear Dr. Jumbellic and Dr. Rigle:

Please be advised that, the present letter with voluminous
attachments is concerning my pending case remanded from the Second
Circuit Court of Appeals to the District Court in Syracuse (presently
pending), before the Hon. Neal P. McCurn,S.J.  I am presently writing
this letter and proceeding as pro-se, litigant and as counsel of
record (based on the fact that I do not have an attorney appointed
to represent in court; only attorneys assisting the Youth Task Force
in executing my factual investigation, retrieving facts outside the
record).  The attachments that I would humbly seek your assistance
in reviewing and submitting a notarized affidavit to the Hon. McCurn
with carbon copy to yours truly are as follows:

A.  A self explanatory letter to Dr. Rigle dated March 29, 2001,
    which to date, has been unanswered;

B.  The Second Circuit ORDER of REMAND, dated June 12th, 2002,
    concerning the present critical issue in question;

C.  A "STATEMENT OF AFFIRMATION AND AFFIDAVIT IN SUPPORT OF
    SAME BY, MR. LOUIS M. FREEMAN, ESQ." in regards to the
    issues presently in dispute (which Mr. John G. Duncan, Esq.
    AUSA, alleges is "BIZARRE" without any medical Forensic
    Experts examinations and/or Reports);

*44*                          *NO. 7*

LETTERS TO DOCTORS JUMBELLIC AND RIGLE
                    PAGE 4.

best of my personal knowledge and/or clear recollection.

                                    Respectfully submitted,


                                    _Jaime A. Davidson_
                                    Signature of Affiant
                                    JAIME A. DAVIDSON, PRO/SE.


JAD/jad

cc: Hon. Neal P. McCurn,S.J.
    AUSA, John G. Duncan, Esq.
    Rev. Angela E. Brown,M.Div.
    File

ENCLOSURES


                                                    22

Jaime A. Davidson
Reg. No. 37593-053 (B-4)
U.S.P. Pollock
P.O. Box - 2099
Pollock, LA  71467

November 18, 2002

ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE
ATTN: DISTRICT ATTORNEY
Onondaga County Civic Center
Syracuse, New York 13202

RE: UNITED STATES V. JAIME A. DAVIDSON
    CRIM. NO. 92-CR-35; CIVIL NO. 5:00-CV-869; APPEAL NO. 01-2370

    NOTICE OF SILENCE AND/OR FAILURE TO RESPOND AMOUNTING TO
    CONCESSION OF MR. ROBERT H. GOLDBERG,J.D.,M.D. MEDICAL REPORT
    FACTUAL FINDINGS FROM OFFICER HOWARD, JR'S DEATH (FRIENDLY FIRE)

Dear District Attorney:                                    *23*

Please be advised that the present letter as stated above, is only
to place you on notice of the critical situation regarding the death
and/or assassination of Syracuse Police Officer, Wallie Howard, Jr.
on October 30th, 1990.

Moreover, please note and find attached, the letter I had mailed to
Investigator Henry Brown dated April 16, 2001, which to date has not
been answered.  District Attorney, I would respectfully request your
earnest support to read said letter, not to be redundant, in
conjunction with the letter dated November 14, 2002, addressed to
Mr. David A. Rigle,M.D. and Ms. Mary I. Jumbellic,M.D. (with 47 pages
of attached documents in support of said letter), which is all self
explanatory.

Therefore, upon the completion of your thorough review as a whole of
the aforementioned documents and attachments, I would truly appreciate
that you launch an immediate investigation into the "ASSASSINATION OF
SYRACUSE POLICE OFFICER WALLIE HOWARD, JR." ASAP!  District Attorney,
your "SILENCE" will also be taken as a "CONCESSION" reflecting that
you too "CONCUR/AGREE" with the entire affidavit of Dr. Goldberg, but
are declining to act in good faith and correct the wrong that has
been done against a man that has been wrongfully convicted and
incarcerated for over 10 years and vindicate the Courts from the
"FRAUD PERPETRATED UPON IT."

I, hereby swear under the penalty of perjury (pursuant to Title 28
U.S.C. §1746), that this legal document has been prepared in good
faith and with extreme due diligence and to the best of my knowledge.
And, for more information please contact the YOUTH TASK FORCE.  Your
response is warranted within 24 hours/5 working days.

JAIME A. DAVIDSON                    Jaime A. Davidson
PRINT NAME                           SIGNATURE OF AFFIANT

cc: ALL INTERESTED PARTIES
    FILE                             NO. 8

CERTIFIED MAIL 7099 3400 0015 2024 7371

*78*

JAIME A. DAVIDSON
REG. NO. 37593-053 (C-3/310)
P.O. Box - 724
FCI EDGEFIELD
Edgefield, S.C. 29824

April 16, 2001

Investigator Henry Brown
c/o Onondaga County District Atty's Office
Onondaga County Civic Center
Syracuse, N.Y.  13202

RE: UNITED STATES v. JAIME A. DAVIDSON
CRIM. NO. 92-CR-35 / CIVIL NO. 5:00-CV-869(NPM)

NOTICE OF INTENTIONAL ACTS TO COVER-UP THE
ASSASSINATION SCHEME/CONSPIRACY OF SYRACUSE
POLICE OFFICER WALLIE HOWARD, JR.

*24*

Dear Mr. Brown:

Please be advised that the present letter is a formal notice as stated above, to highlight the fact that your intentional actions as an officer of the DA's Office and/or the Court, has gone way beyond of **"UPHOLDING THE LAW, INTO VIOLATING THE LAW!"** These type of actions of Obstruction of Justice, will not be tolerated by you (Mr. Brown) and/or any other law enforcement officer.  Sooner or later the truth will be allowed into the courtroom, and just be on the alert that you have willfully and/or knowingly, and/or voluntarily entered the scope of being liable in a conspiracy to assassinate Officer Howard, Jr. and now, you are also an **"ACCOMPLICE AFTER THE FACT!"**

Moreover, it must be noted that you have made a public statement showing/proving that you have vested interests in the outcome of this case.  Thus, that clearly reflects where you must excuse yourself from this investigation, because there is a case of **"CONFLICT OF INTEREST,"** having you being an instrumental tool surrounding this grave matter.  The statement that proves your guilt in violating the law goes as follows:

"Henry Brown, a former city Police officer who is now an investigator with the district attorney's office, said the group's theories 'are way too farfetched.  That's such a joke, I can't believe it.  Wallie was a close friend of mine.  I know what he was working on.  There's no way any of that could have happened.... They're trying to stir things up, and I hope they get laughed out of court.'"

Ex.

Id. See, (Post Standard Newspaper, Dec. 5th, 2000).
BY: Ms. Sue Weibezahl

*38*

CERTIFIED MAIL 7099 3400 0015 2024 7371

Therefore, based on the aforementioned statement you gave the press, God immediately intervened on December 5th, 2000 also, and softened the heart of Dr. David A. Rigle to talk with both Mr. Robert H. Goldberg,J.D.,M.D. and Ms. Angela Brown, Youth Task Force, Co-Director and inform them that based on the true facts hidden from him, the bullet that killed Officer Howard, Jr., then actually had to come from the left side (exactly where Agent Reginald Tillery was positioned at).

Inv. Brown, since Dr. Rigle contacted you, personally via, fax concerning the fraud that was perpetrated upon the court by the government lying to him, you have intentionally utilized malicious dilatory tactics to see to it that my §2255 Motion be denied.   The record must reflect that it was your duty since Dr. Rigle upon witnessing the fraud, ran to you in order to make a legal report of it, and decline to be deposed by Dr. Goldberg and Ms. Angela Brown (not akin to you), to acquire a complaint under the penalty of perjury and forward a copy to either one of us.  Yes, for your information your wish has been granted and on April 6th, 2001, I received the Court's Memorandum-Decision and Order denying "ALL" motions and the Hon. Judge McCurn further instructed the clerk in its closing the following:

> "The Clerk of the Court is directed to reject any further motions submitted by Davidson pertaining to this issue."

_25_

Id. Page 8.

Thanks in advance for your time, assistance and earnest consideration in this critical matter.  I humbly request that upon receipt of this notice, you proceed by forwarding me a copy of your report acquired from Dr. Rigle based on the assassination cover-up of Officer Wallie Howard, Jr. As you can see, I am Petitioner, pro-se, proceeding as counsel of record, conducting my own criminal investigation, being assisted by Dr. Goldberg and Ms. Brown while incarcerated.  Your most rapid reply will be highly appreciated.  And, upon receipt of this letter, please contact Ms. A. Brown immediately at: Fax No. (404) 752-8276; Tel. Nos. (404) 752-8275 and/or (404) 314-4949.

Respecfully submitted,

J. A. Davidson

cc: TO ALL INTERESTED PARTIES CONTAINED IN
     FEDERAL CRIMINAL COMPLAINT.

Sworn and Subscribed before me the undersigned Authority,

On this 16th day of April _____, 2001.

_My Commission Expires_
_September 17, 2006_

Signature of Notary

_39_

Syracuse ONLINE

→ n e w s

## TODAY'S HEADLINES
HERALD-JOURNAL    The Post-Standard    Herald American

# Group: Reopen the Howard case

**Youth Task Force says other police may have killed him, a charge the DA dismisses.**

By Sue Weibezahl

The murder of an undercover Syracuse police officer 10 years ago has become the focus of an Atlanta-based youth group.

Representatives from the Youth Task Force, a national student organization formed in 1992 to look into human rights violations, were in Syracuse Monday to claim that the three men imprisoned for the shooting death of Wallie Howard Jr. should have a new trial or be released.

Angela Brown, a spokeswoman, said the group has investigated the case for two years and questions some evidence, including the autopsy report. The group is petitioning the federal court system to reopen the case "because there's no statue of limitations on justice."

"It's hard to even come up with a word to describe this: preposterous, ridiculous, sad," Onondaga County District Attorney William Fitzpatrick said Monday. "There's no legal basis for this at all. This is just beyond the pale. It's pathetic."

During a news conference in front of the James M. Hanley Federal Building, the group claimed Howard's murder was a police cover-up and suggested officers were involved in the Oct. 30, 1990, shooting during an undercover drug buy.

Henry Brown, a former city police officer who is now an investigator with the district attorney's office, said the group's theories "are way too farfetched. That's such a joke, I can't believe it. Wallie was a close

INSIDE
CNY News
» Today's News
» State+Region
» Onondaga
» City
» East
» West
» North
» Cayuga
» Madison
» Oswego
» Week's Photos
» 5 Day Forecast
» Obituaries
» NY Lottery



Check out Syracuse.com's

CLASSIFIEDS
Find a Job
Find a Car
Find a Home
Find More

SPONSORS
» Home Equity Line of Credit

MARKETPLACE
» CNY Dining Guide
» Buy Flowers +Gifts
» Funeral Services
» Advertise with Us!
Shop our e-stores:
» New EXTRAS! items uniquely Syracuse
» New e-store: Manro
» Bring smiles to life in your home & garden
» Your complete Auto Accessory Center
» Unique gifts, Gordon Bonetti's Artifactory
» Manny's SU Gear!

CONTESTS

Syracuse Online
► Forums + Chat
► Game-Pad
► Local Info
► News
► Sports
► Varsity Sports
► Business
► Entertainment
► Living
► Weather
► Marketplace
► Find Jobs, Cars, Homes + More!

NEWSLETTERS
» Get breaking news delivered to your mailbox!

26



12/5

2

friend of mine. I know what he was working on.
There's no way any of that could have happened. ...
They're trying to stir things up, and I hope they get
laughed out of court."

› Win a Magic Toy Shop
  book & video!
› Win Crunch Saturday
  Packs & food!
› Go To The Moon calm
  ambiance & fine dine
› See Contest winners

Tuesday, December 5, 2000

Back

27

21

**SENDER:**
☐ Complete items 1 and/or 2 for additional services.
☐ Complete items 3, 4a, and 4b.
☐ Print your name and address on the reverse of this form so that we can return this card to you.
☐ Attach this form to the front of the mailpiece, or on the back if space does not permit.
☐ Write *Return Receipt Requested* on the mailpiece below the article number.
☐ The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

3. Article Addressed to:

INV. HENRY BROWN
40 ONONDAGA COUNTY DA'S OFFICE
ONONDAGA COUNTY CIVIC CENTER
SYRACUSE, N.Y. 13202

4a. Article Number

7C99 3400 0015 2 L 734

4b. Service Type
☐ Registered          ☐ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery   4-2-01

8. Addressee's Address (Only if requested and fee is paid)

5. Received By: (Print Name)

Simone Sorg

6. Signature (Addressee or Agent)

Simone Sorg

PS Form 3811, December 1994      102595-99-B-0223   Domestic Return Receipt

28

Jaime A. Davidson
Reg. No. 37593-053 (B-4)
U.S.P. Pollock
P.O. Box - 2099
Pollock, LA 71467

December 1, 2002

Mr. David A. Rigle,M.D.
530 Oak Street
Syracuse, New York 13203

Tel. No. (315)426-1250
Fax. No. (315)426-1240

Office Of The Medical Examiner
Onondaga County Health Department
CENTER FOR FORENSIC SCIENCES
Attn: Ms. Mary I. Jumbellic,M.D.
Chief Medical Examiner
100 Elizabeth Blackwall Street
Syracuse, New York 13210

Tel. No. (315)435-3161
Fax. No. (315)415-3319

*29*

ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE
Attn: District Attorney
Onondaga County Civic Center
Syracuse, New York 13202

RE: **UNITED STATES V. JAIME A. DAVIDSON**
    **CRIM. NO. 92-CR-35; CIVIL NO. 5:00-CV-869; APPEAL NO. 01-2370**

**NOTICE THAT ALL YOUR SILENCES HAS BEEN CONSIDERED A
CONCESSION THAT OFFICER WALLIE HOWARD, JR. WAS INDEED
"ASSASSINATED AND/OR KILLED BY FRIENDLY FIRE," FOR PURPOSES
OF SUPPLEMENTING THE COURT RECORDS IN GOOD FAITH**

Dear Dr. Jumbellic, Dr. Rigle and District Attorney:

First and foremost, please be advised that I have served all of you
in good faith, a letter with critical attachments for you/your
Agency/Department to vindicate it self from the above mentioned
corruption in my case.  Since November 19-22, 2002, I have received
the green certified return receipt copy, reflecting that you all
have been served/notified.  And, all of you have declined to reply
as advised by said letter, within 24 hours via, telephone and/or
5 working days via, certified mail to the Youth Task Force,
Executive Director, Ms. Angela E. Brown,M.Div.  In order not to be
redundant, please review my previous letter with attachments.

Please note, I have further attached an article Titled, **"DAUBERT
CHALLENGES TO FORENSIC EVIDENCE: BALLISTICS NEXT ON THE FIRING LINE,"**
from the Champion Magazine (Sept. / Oct. Edition of 2002).  Please
be advised that this article should be analyzed to Mr. Gary Pratt's
trial testimony, to show/prove the flaws in his so called
examinations.  Failure to adhere to my request mentioned herein,

*42*        *EX. H (@ P.57)*        *NO.9*

**LETTER OF NOTICE**
      **PAGE 2.**

will fall also, as further **"CONCESSIONS"** to my grave claims, of
actual innocence.  Please, read pages 60-61 of said Journal
extremely careful, because it explicitly proves that Mr. Pratt's
alleged ballistics examination of **"TOOLMARK MATCH"** is totally
erroneous.  And, it further confirms the fact that, Mr. Robert H.
Goldberg,J.D.,M.D's Report/Affidavit with attached letter to
Ms. Marie Y. Watson, Esq. is clearly the proper medical/scientific
procedure to examine a bullet toolmark (claiming to have a **"MATCH"**).

In closing, it is highly critical and extremely imperative that
your office/department and/or you, launch an investigation and/or
conduct an independent examination of **"ALL"** the raw materials which
were turned over to the defense's so-called "Forensic Scientist,"
**Mr. Warren Stuart Bennett,** during the State trial proceedings
(causing a grave Fraud on the Court); which has intentionally been
spilled over to the Federal Court.  A thorough review of Mr. Herbert
Leon MacDonell's affidavit, explicitly highlights the fact that
Mr. Bennett is an imposter.  The record at my trial omits any/all
mention to this critical matter (and which was withheld from my
Appellate Attorney, Mr. Louis M. Freeman, Esq.), which lends enough
weight to the fact that, any/all raw materials touched/handled by
Mr. Bennett have been either **"CONTAMINATED, DAMAGED, TAINTED,
TAMPERED WITH AND/OR DESTROYED,"** to the level of not being examinable
anymore.  Mr. Bennett should be contacted and questioned as to his
handling of all those materials from the Wallie Howard, Jr's case.

I, Jaime A. Davidson, pro-se, hereby swear under the penalty of
perjury (pursuant to Title 28 USC §1746), that the present legal
document has been prepared in good faith and with extreme due
diligence; and, all the facts mentioned herein are true and/or
correct to the best of my ability and clear recollection, to
supplement the present record for the Appeals Court of the Second
Circuit.

                                    _Jaime A. Davidson_
                                    SIGNATURE OF AFFIANT

JAD/jad

ENCLOSURES { IN MR. DUNCAN'S LETTER }

cc: Hon. Neal P. McCurn,S.J.
    AUSA John G. Duncan, Esq.
    Ms. Angela E. Brown,MlDiv.
    Mr. Rogelio Davidson

*30*

43

Jaime A. Davidson
Reg. No. 37593-053 (B-4)
U.S.P. Pollock
P.O. Box - 2099
Pollock, LA 71467

January 23, 2003

Hon. Neal P. McCurn,S.J.
UNITED STATES DISTRICT COURT
P.O. Box - 7365
100 South Clinton Street
Syracuse, N.Y. 13261-7365


<u>RE</u>: **UNITED STATES V. JAIME A. DAVIDSON**
     **CRIM. NO. 92-CR-35 / CIVIL NO. 5:00-CV-869(NPM)**
     **APPEAL NO. 01-2370**

     URGENT NOTICE OF PETITIONER'S MOTION FOR NEW TRIAL..., PURSUANT
     TO RULE 59(a)(c)&(e),F.R.CIV.P., BEING SUBMITTED/ACCEPTED AS
     <u>TIMELY WITHIN ITS 10 DAYS DEADLINE  AS JUDGE'S LAW CLERK CONFIRMS</u>

Dear Hon. McCurn,S.J.:

Please be advised that, as the clerk of the court instructed me to
submit a written confirmation that "NO MAIL DEPARTED FROM USP POLLOCK
DURING SAID LOCK-DOWN," I have complied with her instructions; in
light of the fact that staffs have been reluctant to utilize said
language based on the fact of the severe legal ramifications with
the U.S. Postal Service's rules and regulations with the handling of
mails.

Hon. McCurn, as stated on the above heading and my request to staff
and their response being self explanatory, I just wanted for you to
consider my pending motion as filed within said 10 days deadline and
**"NOT"** under the standard of review of a Rule 60(b),F.R.Civ.P. Motion.

Moreover, also please find attached a copy of Mr. White's original
notes, reflecting time, date and Your Honor's law Clerk's name (which
I think it says "JUDY").  I just want this Honorable Court to view
all my methods and/or means of due diligence taken, to meet said
deadline.

Additionally, Hon. McCurn, I am respectfully requesting for this
Honorable Court to instruct the Clerk of the Court to "SERVE" the
Government with a copy of all three motions and **"SERVE"** Petitioner
with a copy as well; due to the lockdown, I had to submit my <u>only</u>
and original copy to be timely, to this Honorable Court.

Thank you very much for your time and consideration.  Your most
rapid reply with a copy of my motions will be greatly appreciated.
I am always...

                                     Very truly yours,

                                     _Jaime A. Davidson_
                                     Jaime A. Davidson

cc: Mr. John G. Duncan, Esq.
    File

Jaime A. Davidson
Reg. No. 37593-053 (B-4)
U.S.P. Pollock
P.O. Box - 2099
Pollock, LA 71467

January 31, 2003

Mr. David A. Rigle,M.D.
530 Oak Street
Syracuse, New York 13203

Tel. No. (315)426-1250
Fax. No. (315)426-1240


**RE: UNITED STATES V. JAIME A. DAVIDSON**
   **CRIM. NO. 92-CR-35; CIVIL NO. 5:00-CV-869; APPEAL NO. 01-2370**

   **NOTICE OF FOUL PLAY AND ACKNOWLEDGEMENT THAT TRIAL TESTIMONY
   HAS PLACED INNOCENT PEOPLE IN PRISON FOR LIFE AND DECLINES
   TO CORRECT THE RECORD BASED ON PROFESSIONAL ETHICS AND CIVIL
   DUTIES AS A MEMBER OF THE FORENSIC SCIENCE COMMUNITY**

*32*

Dear Dr. Rigle:

   Please be advised that I have taken this time out of my busy
schedule to place a very serious and unprofessional behavior of
yours on the record.  On January 2nd, 2003, upon departing my Case
Manager's office, he questioned me, if I had knowledge as to who
Mr. David Rigle was?  I was shocked, because none of the staffs
here have any personal knowledge as to key witnesses from my trial.
**See, (Attached Inmate Request To Staff, Addressed to Mr. Noaks).**

   Dr. Rigle, I have not done anything wrong to you, but to ask
you to come forward and do the right thing and correct the wrong
that your trial testimony has done ... destroying my whole life.  I
wrote you by Certified Mail, following all Bureau of Prisons Rules
and Regulations, but you attempted to call my Unit Team in order to
get me in trouble for writing you.... I have _never_ made no type of
threats to you.  All I have ever asked from you is to do what any
innocent man/woman in prison would have done, that is fighting for
their life.

   Now, why couldn't you have written me and sent your response
via, First Class Mail as I have done in the past?  I know that you
know that your testimony was fraudulent, because you **"DO NOT"** wish
to commit yourself by placing anything in writing, proving that
you are scared of being the one to certify your errors in my case.
My Case Manager, Mr. Noaks has also declined to place a response
to my attached request and who at the time of conveying your message
to me was extremely nervous.  May I ask you, why is that?  You have
BOP staffs violating policies by declining to give me a written
response within five working days.  I have went to the extreme to
acquire a reply going to his superiors, but I do not wish to start
any conflict between my Unit Team and myself, because of you when
all Unit Team staffs and Executive staffs wish to stay out of it.

*10*          *NO.11*          *EX. B*      *6*

NOTICE TO DR. RIGLE
        PAGE 2.

Nevertheless, Dr. Rigle, I am extremely disturbed by your unprofessional message to reject all my correspondences. All you are showing me, is that you "DO NOT" care that your testimony has sent some innocent people to prison, but that the assertion by Dr. Jumbellic to Ms. Angela E. Brown,M.Div. about your illicit conducts as a forensic scientist is all totally true and factual. Dr. Rigle, as you have already made several concessions to various people that officers have made comments that Officer, Wallie Howard, Jr. was actually "ASSASSINATED."

Furthermore, you can continue to run from the truth, but when that day come, you and/or nobody could never say that I should have went to them first. The truth can never stay in the dark for ever, one day it shall always rise to the surface. I am further enclosing for your review, an affidavit from a prisoner that God has just aided me into assisting to acquire another evidentiary hearing. I just want you to see that you destroyed my artistic life already and God has giving me the gift to begin to master the intricate science of the law, to fight and regain my freedom! and help others on throughout my journey. Dr. Rigle, I know that you are being pressured, because of your initial conversation(s) with Mr. Robert H. Goldberg,J.D.,M.D. and Ms. Brown. Please, try to refreshing your recollection as to everything that you had once came forward in confidence and conveyed to them...because you will be faced with all of it again in the near future. See,(Attached Affidavit of Mr. Ledell Bridgeport).

*33*

Therefore, the record is being developed as to all your misconduct and failure to come forward; from previous run ins with the law (Syracuse Police Department), you should already know that you "ARE AND WILL BE THEIR FALL GUY!" Ask yourself this question, if you had testified truthfully and/or done a thorough investigation upon hearing that Officer Howard was assassinated and/or prior to testifying falsely at my trial and immediately vindicated my name, where do you think that my artistic future would have been by now? See Also, (Attached a Flyer on my case by the YOUTH TASK FORCE).

This is all for now Dr. Rigle. I humbly pray that this letter does touch your heart and conscience, to contact Ms. Brown and Dr. Goldberg as you agreed in the past and allow them to depose you. I will continue to lend my services to the youth in society until I regain my freedom. I also pray that you contact the Hon. Neal P. McCurn,S.J. and the DOJ Inspector General's Office and seek their support to protect you in coming forward, because presently, I have a Motion for New Trial in front of the Hon. McCurn as I write this letter. Even if you reject this letter, please note that it is still part of the record in my Habeas Corpus Proceedings. Your most rapid reply will be highly appreciated. I am always...

Very truly yours,

Jaime A. Davidson

cc: Hon. Neal P. McCurn,S.J.
    Mr. John G. Duncan, Esq.
    DOJ, INSPECTOR GENERAL'S OFFICE
    YOUTH TASK FORCE

*11*

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Mr. Noaks (Case Manager) | January 3, 2003 |
| FROM: | REGISTER NO.: |
| Jaime A. Davidson | 37593-053 |
| WORK ASSIGNMENT: | UNIT: |
| Education Department | B – 4 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

    In light of the message you relayed to me yesterday from Mr. David
A. Rigle,M.D. from Syracuse, New York, I am respectfully requesting that
you please detail all of it in writing for me. I need for sakes of record
keeping, who he spoke to directly, what date and time this conversation
allegedly took place, what he stated specifically (as to why he did not
want me to write him anymore and that he will be rejecting all my future
mail), and what were his true intentions by contacting my Unit Team and
"NOT" being professional and responding to my mails in writing.

    Mr. Noaks, I do not wish to place you in the middle of my case, but
I have suffered exessive pressure in the past from my Judge, Prosecutor and
now Mr. Rigle leaving these types of messages to BOP staffs. Yesterday at
2:50 pm, that message cought me by surprise and to my knowledge from past
experiences, it's a means(Do not write below this line) of "INTIMIDATION!" against m

DISPOSITION:

*34*

*Signature Staff Member*                          Date:

*12*

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)                    This form replaces BP-148.070 dated Oct 86
                                                        and BP-S148.070 APR 94

P.S.   PLEASE, REPLY IN TYPEWRITTEN
GOVERNMENT LETTER HEAD PAPER ASAP!!!   THANK YOU!!!
SET-FILE

Jaime A. Davidson
Reg. No. 37593-053 (B-4)
U.S.P. Pollock
P.O. Box - 2099
Pollock, LA 71467

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

JAIME A. DAVIDSON,

        Petitioner,

    -Vs-

        CRIM. NO. 92-CR-35
        CIVIL NO. 5:00-CV-869(NPM)
        APPEAL NO. 01-2370

UNITED STATES OF AMERICA,

        Respondent.

_____/

## NOTICE FOR THE RECORD TO REFLECT

TO THE HONORABLE JUDGE OF SAID OF COURT;

MAY IT PLEASE THIS COURT:

      COMES NOW, Jaime A. Davidson, Petitioner, pro-se, (and referred to herein as Petitioner), in the above styled cause, humbly praying that this Honorable Court reviews the present Notice in motion form and GRANTS Mr. Davidson's instant Notice's request.  In support thereof, to wit, Petitioner, pro-se, states as follows:

      1.  Mr. Davidson submits that the present Notice For The Record To Reflect has been properly prepared with due diligence and under good faith and Petitioner requests that this Honorable Court reviews this Notice..., pursuant to the linient standards set forth by the Supreme Court in Haines v. Kerner (Citiation Omitted);

      2.  Petitioner would like the Court addres to reflect that since his "Motion For New Trial and/or Alter or Amend a Judgment with Findings by the Court Pursuant to Rules 52(b) and 59(a)(c)&(e),F.R.

1          EX. B          NO. 12

# CERTIFICATE OF SERVICE

I, Jaime A. Davidson, pro-se, hereby certify that I have served a true and correct copy of the following:

## NOTICE FOR THE RECORD TO REFLECT

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, *Houston v. Lack*, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Mr. John G. Duncan, Esq.            Mr. David A. Rigle,M.D.
EXEC. Assistant U.S. Attorney       530 Oak Street
900 Federal Building                Syracuse, N.Y. 13203
P.O. Box - 7198
Syracuse, New York 13261-7198

*36*

and deposited same in the United States Postal Mail at the United States Penitentiary, Pollock Louisiana, on this: _____ day of _____ 2003.

_____
Jaime A. Davidson, pro-se.
Reg.No. 37593-053 (B-4)
  (USP) POLLOCK
  P.O.Box 2099
  POLLOCK, LA 71467

4.

Jaime A. Davidson
Reg. No. 37593-053 (R-4)
U.S.P. Pollock
P.O. Box - 2099
Pollock, LA 71467

February 10, 2003

Mr. Terry J. Mitchell
Deputy Clerk
UNITED STATES DISTRICT COURT
P.O. Box - 7365
100 South Clinton Street
Syracuse, New York  13261-7365

RE: **UNITED STATES V. JAIME A. DAVIDSON**
**CRIM. NO. 92-CR-35 / CIVIL NO. 5:00-CV-869(NPM)**
**APPEAL NO. 01-2370**

   **URGENT REQUEST FOR COPY OF MOTION FOR NEW TRIAL AND**
**ADDITIONAL MOTION, AFFIDAVIT AND LETTER FILED ON SAID DATE**

*37*

Dear Mr. Mitchell:

   Please be advised that since the arrival of your letter dated
January 2nd, 2003, to date, I have not been in receipt of my $33.00
that your office was suppose to "**REFUND**" me.  Mr. Mitchell, this
happens to be around my fourth letter (including Motion(s)), that
I have submitted to your office.

   Therefore, I am hereby submitting this Urgent request for all
the documents filed in my Docket Sheet on or around January 22nd,
2003, and including a copy of "**PAGE 14 TILL THE END**" of my present
Docket Sheet.  I am requesting that you deduct the cost of my
request from the funds your office has for me since 2000.

   Mr. Mitchell, if the cost to copy my requested documents
"**EXCEEDS**" the $33.00 your office has for me; I would humbly request
that you take into consideration all the years my money has been in
your office's Bank and grant my instant request?  And, please let
me know what has been the status of my request for the Clerk's
Office to "**SERVE THE GOVERNMENT**" with a copy of said documents.
And, can you please expedite the instant requests, because as a
**pro-se**, incarcerated litigant, I am being "**PREJUDICED EXTREMELY**
**BAD**," due to the Government "**NOT**" being served and responding to
my Motion for New Trial within 10 days with opposing affidavits.

   Thank you very much for your time, assistance and earnest
consideration.  Your most rapid reply will be highly appreciated.
I am always...

                              Very truly yours,

                              _____
                              Jaime A. Davidson

cc: **Mr. John G. Duncan, Esq.**
    **File**

*25*
   **ENCLOSURE**            *EX. C*              *NO. 13*

*1*