IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

JAIME A. DAVIDSON,          )
                            )
            Petitioner,     )
                            )
                            )         CRIM. NO. 92-CR-35
      -Vs-                  )         CIVIL NO. 5:00-CV-869 (NPM)
                            )         APPEAL NO. 01-2370
                            )
UNITED STATES OF AMERICA,   )
                            )
            Respondent.     )
_____/

URGENT NOTICE FOR THE RECORD TO REFLECT

TO THE HONORABLE JUDGE OF SAID COURT;

MAY IT PLEASE THIS COURT:

     COMES NOW, Petitioner, Jaime A. Davidson, pro-se, (and referred to herein as Petitioner), in the above styled cause, humbly praying and/or respectfully requesting that this Honorable Court thoroughly reviews and/or considers on its merits, all of Mr. Davidson's factual claims being raised/highlighted in the instant matter at hand as a whole and **GRANTS** the same. In support thereof, to wit, Petitioner, pro-se, states as follows:

     1. Petitioner, pro-se, submits that the present Urgent Notice for the Record to Reflect, has been properly prepared with extreme due diligence and under good faith (in light of the Government's Response filed on May 8th, 2003 and the fact that the Youth Task Force's submission of the **TAPE CASSETTE AND TRANSCRIPTS WITH DR. DAVID A. RIGLE,** mailed overnight express mail has yet to be placed on the record (which is also Mr. Davidson's submission of **"NEWLY DISCOVERED EVIDENCE"** proving Petitioner's factual claims of actually (factually) innocent));

2.  In the case at bar, Mr. Davidson has submitted the present Urgent Notice..., in addition, based on the fact that the Hon. Neal P. McCurn,S.J. has declined to grant Petitioner an Order (allowing Mr. Davidson to submit his reply motion with reply affidavits), to factually refute the Government's arguments;

3.  Petitioner submits that, viewing the Government's response as a whole filed on May 8th, 2003, it explicitly reflects where the Government has waived its right to respond in an appropriate manner, complying under Rules 52(b) and 59(a)&(c), F.R.CIV.P. (where the Government was obligated to respond with **"OPPOSING AFFIDAVITS."** Thus, the Government has fully **"CONCEDED"** to the contents of all of Petitioner's affidavits submitted and the **"TAPE RECORDED INTERVIEW WITH DR. DAVID A. RIGLE, ADMITTING TO MR. DAVIDSON'S EXPERT WITNESS, MR. ROBERT H. GOLDBERG,J.D.,M.D. AND MS. ANGELA E. BROWN,M.DIV., THAT THE GOVERNMENT HAD LIED TO HIM, PROVING MR. DAVIDSON'S CLAIMS OF BEING ACTUALLY (FACTUALLY) INNOCENT,"** i.e., pursuant to Rule 8(d),F.R.CIV.P. which specifically states that, **"EFFECT OF FAILURE TO DENY**: Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading";

4.  Mr. Davidson, pro-se, asserts that, the Government (being represented by Executive Assistant U.S. Attorney, Mr. John G. Duncan, Esq.), is striving extremely hard to throw itself to the mercy of this Honorable Court i.e., by attempting to reach out to the Court's sympathy for the prosecution's case, to survive all its deficiencies and failure to comply with the rules set forth for New Trial Motions, in light of affidavits pursuant to Rule 59(a)&(c), F.R.CIV.P.;

5. Moreover, the issue the prosecution is raising in its response as to Petitioner's feelings, is totally irrelevant. The Government is striving extremely hard once again, to throw the situation at hand out of balance, having this Honorable Court to sympathize with the prosecution's failures to comply with facts, law and affidavits, instead of looking at the factual issues presented by Mr. Davidson. Mr. Duncan, Esq. has only resorted to mentioning a small part/area of Petitioner's claims, but declining to touch it ... and jumps right over them (<u>e.g.</u>, Exhibits A - K of Petitioner's Motion For New Trial);

6. Additionally, Mr. Duncan's response to Petitioner's New Trial Motion is crystal clear/highlighting, where the Prosecution has again, resorted to "**<u>SCORN AND MOCKERY AD HOMINEM</u>**," rather than to focus his professional attention on the legitimacy of Petitioner's factual claims proffered via, affidavits and sworn under the penalty of perjury (which are in "**FACTUAL DISPUTES AND RIPE FOR AN EVIDENTIARY HEARING**,") stemming from the Government's contention and/or position that Mr. Davidson has not presented any Newly Discovered Evidence, to trigger a hearing, which is far from the truth;

7. Petitioner states that, in order not to be redundant with Mr. Davidson's New Trial Motion with attached Exhibits, in further support with additional Motions which triggered the Court's Show Cause Order on March 18th, 2003, which contained the "**TAPE RECORDED INTERVIEW TRANSCRIPTS WITH DR. RIGLE**," admitting where the Prosecution lied to him.... Petitioner asserts that, this Honorable Court, to vindicate the Judicial System from the fraud committed upon one of its Courts, for the best insterest of justice, must review "**ALL OF PETITIONER'S MOTIONS FILED AFTER MR. DAVIDSON'S**

**MOTION FOR NEW TRIAL SUBMITTED ON JANUARY 10th, 2003 AND ADDITIONAL MOTIONS AS A WHOLE WITH ATTACHED EXHIBITS,** which will prove Petitioner's claims of actually (factually) innocent;

8. In the case at bar, Petitioner would like for this Honorable Court to review the Government's response, in light of the Supreme Court's most recent decision equally applicable to Ineffective Assistance of Appellate Counsel claims, in **Massaro v. United States**, U.S., No. 01-1559, 4/23/03 at page 119, Criminal Law Reporter (Vol. 73. No. 5), where the court held in part as follows:

> "The Second Circuit's rule creates inefficiencies for courts and counsel, both on direct appeal and in the collateral proceeding. On direct appeal it puts counsel into an awkward position vis-a-vis trial counsel. Appellate counsel often need trial counsel's assistance [as in the case at bar with Mr. Freeman, Esq.] in becoming familiar with a lengthy record on a short deadline, but trial counsel will be unwilling to help appellate counsel familiarize himself with a record for the purpose of understanding how it reflects trial counsel's own incompetence" [as here, with Appellate Counsel, Mr. Louis M. Freeman, Esq. who stated inside his Statement of Affirmation that trial counsel, Mr. John F. Laidlaw, Esq. had handled the Davidson trial very poorly];

Id. at 121.

9. Petitioner further asserts that, the Government's claims that Appellate counsel should have raised various claims on direct appeal should be considered, in light of **Massaro at supra,** confirming that:

> "Even meritorious claims would fail when brought on direct appeal if the trial record were inadequate to support them. Appellate courts would waste time and resources attempting to address some claims that were meritless and other claims that though colorable, would be handled more efficiently if addressed in the first instance by the district court on collateral review."

Id. at 121.

10. Furthermore, for sakes of the record, Mr. Davidson would like to place this Honorable Court on notice that, since the outset of Petitioner's Habeas Corpus proceedings, Mr. Davidson has

-4-

"**NEVER**" attempted to litigate in his feelings and/or at a minimun, tried to personalize himself with the present litigation in any type of emotional manner, as Mr. Duncan, Esq. has done in the case at bar; and

11. Petitioner, pro-se, would like to reiterate on the record at hand that, even though the Government has waived his right to file opposing affidavits, with all his allegations i.e., especially that, Mr. Robert Lawrence's affidavit is ripe with perjury, creates a legitimate case of factual disputes (especially, the fact that Ms. Kate Rosenthal, Esq. confirmed to Ms. Brown that, Petitioner's codefendants had a meeting to decide who would have taken the stand, to testify against Mr. Davidson and catch him off guard and/or by surprise; and, a juror in an article also seen the clear events of Mr. Lawrence's trial testimony attempting to protect one codefendant and directly hurt Petitioner... not to mention the fact that, Mr. Lawrence's trial counsel, Mr. James P. McGinty, Esq. had ill-advised his client, Mr. Lawrence into testifying in such deceitful manner, to assist the Government's case in chief i.e., taking advantage of Mr. Lawrence's young and inexperienced juvenile mind/age).

**WHEREFORE,** in light of the aforementioned facts highlighted herein as a whole, in conjunction with Petitioner's factual claims fully litigated in his Motion for New Trial with attached Exhibits and supporting motions of same with, **"THE CASSETTE TAPE & TRANSCRIPTS OF INTERVIEW WITH DR. RIGLE"** directly addressed to the Hon. McCurn on May 5th, 2003 via, U.S. Express Mail (which suffices the standards of **"NEWLY DISCOVERED EVIDENCE WHICH WARRANTS AT A MINIMUM, AN EVIDENTIARY HEARING AND/OR NEW TRIAL,"**), Petitioner humbly prays that this Honorable Court GRANTS Mr. Davidson the Appointment of Counsel with an immediate Evidentiary Hearing / New Trial and/or

GRANTS Petitioner, pro-se, another "**SHOW CAUSE ORDER**" instructing the Government to respond to all of Mr. Davidson's claims initially procedurally barred on ineffective assistance of counsel on November 28th, 2000, in conjunction with all the issues presently pending in Petitioner's Motion for New Trial i.e., in light of **Massaro** at **supra**, (which equally applies to ineffective assistance of Appellate counsel), to prevent any further fundamental miscarriage of justice and/or GRANTS Mr. Davidson whatever other relief this Honorable Court deems just, proper and/or necessary as the LAW DEMANDS.

Signed on this __15__ day of __MAY__, 2003.

Respectfully submitted,

_____
JAIME A. DAVIDSON, PRO/SE.[1]
Reg. No. 37593-053 (B-4)
U.S.P. Pollock
P.O. Box - 2099
Pollock, LA 71467

---

1. Please find attached the letter from the Youth Task Force, Exec. Dirctor, Ms. Angela E. Brown, M.Div. with the Certificate of Service to Mr. John G. Duncan, Esq., confirming compliance of service/delivery i.e., due to Petitioner's Pro-se, status being unable to possess said tape cassette, make copies and execute delivery. It must be noted that Show Cause Order was executed in light of the Hon. McCurn witnessing contents of Interview transcripts with Dr. Rigle admitting that the Government had lied to him.

# CERTIFICATE OF SERVICE

I, <u>Jaime A. Davidson, pro-se,</u> , hereby certify that I have served a true and correct copy of the foregoing:

<u>URGENT NOTICE FOR THE RECORD TO REFLECT</u>

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

```
Mr. John G. Duncan, Esq.
Exec. Assistant U.S. Attorney
900 Federal Building
P.O. Box - 7198
Syracuse, N.Y. 13261-7198
```

and deposited same in the United States Postal Mail at the United States Penitentiary, Pollock, Louisiana.
Signed on this __15__ day of __MAY__, 2003.

Respectfully Submitted,

_Jaime A. Davidson_
Jaime A. Davidson, <u>pro-se</u>.

REG. NO. <u>37593-053 (B-4)</u>
USP-Pollock
PO BOX-2099
Pollock, LA 71467



May 5, 2003

<u>Via Fax – US Express Mail</u>

Judge Neal P. McCurn
PO Box 7365
100 South Clinton Street
Syracuse, NY 13261-7365

     Re:    <u>Cassette Tape & Transcript of Interview with Dr. Rigle</u>

Dear Honorable Judge McCurn:

Pursuant to the above referenced matter, please find enclosed said materials to be attached to previously file motion via Jaime A. Davidson entitled: <u>PETITIONER'S SECOND URGENT MOTION/NOTICE FOR THE RECORD TO REFLECT, DUE TO EXCEPTIONAL CIRCUMSTANCES, IN SUPPORT OF PETITIONER'S "MOTION FOR NEW TRIAL…" AND REQUEST FOR AN EVIDENTIARY HEARING, TO PREVENT ANY FURTHER MISCARRIAGE OF JUSTICE OF A PRISONER WHO'S ACTUALLY (FACTUALLY) INNOCENT</u>

Said materials should be received as "Exhibit-J." It is our common business practice to record conversations for the purpose of keeping an accurate account of our work when deemed necessary. Said recordings are reflective of such purposes. If you have any questions, please feel free to contact our office.

Sincerely,

Angela Brown
Executive Director

*ATTACHMENT*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Interview and Cassette Tape has been made by first class United States postage upon all parties this the 5th day of May, 2003, by US Express mailing One copy to US District Court, Judge Neal P. McCurn, PO Box 7365, 100 South Clinton Street, Syracuse, New York 13261, and one copy as follows:

*Jaime A. Davidson
37593-053
PO Box 2099
Pollock, Louisiana 71467
(Pro Se Counsel)

And

John G. Duncan, Esquire
Executive A.U.S.A.
PO Box 7198
100 Clinton Street
Syracuse, New York 13261-7198

Executed on this _5th_ day of _May_, 2003.

*Please note due to US Penitentiary Rules, Only the Interview Transcript could be received by Davidson; therefore instead of sending said cassette to Jaime A. Davidson, a copy of the cassette tape and transcript was submitted to, Major Isaac Davidson, 7802 Gum Springs Village Drive, Alexandria, Virginia 22306.

Angela E. Brown
917 Oglethorpe Avenue, SW
Atlanta, Georgia 30310
(404) 752-8275

1