UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAIME A. DAVIDSON,

                            Petitioner,

        -v-

UNITED STATES OF AMERICA,
                                                          5:00-CV-869

                        Respondent.               92-CR-035
_____

APPEARANCES:                             OF COUNSEL:

JAIME A. DAVIDSON
Petitioner, *pro se*
37593-053
U.S.P. Lewisburg
P. O. Box 1000
Lewisburg, PA 17837

HON. GLEN SUDDABY                JOHN G. DUNCAN
United States Attorney                Assistant U.S. Attorney
Attorney for Respondent
P. O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

Neal P. McCurn, Senior District Judge

*MEMORANDUM, DECISION AND ORDER*

I.   *Introduction*

     Presently before the court is a mandate of the Court of Appeals for the Second Circuit, upon appeal by petitioner, Jaime A. Davidson ("Petitioner") of

this court's October 17, 2003 Memorandum, Decision and Order, see Dkt. No. 156, remanding pursuant to Whab v. United States, 408 F.3d 116 (2d Cir. 2005). See Dkt. No. 164.

## II.     *Procedural Background*

On June 5, 2000 Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  See Dkt. No. 1.  In conjunction with his motion to vacate, Petitioner filed motions for an evidentiary hearing, for leave to proceed with additional pages, and for appointment of counsel.  See Dkt. Nos. 2-4.  In June 2002, by mandate, the Court of Appeals for the Second Circuit remanded to this court for the limited purpose to consider Petitioner's claims that (1) he was denied the effective assistance of appellate counsel when counsel failed to investigate or raise the severance issue on appeal, failed to argue that the trial court erroneously gave a blanket self-defense jury instruction, and failed to raise the change of venue argument, and (2) his trial counsel hindered his appeal by not turning over records to his new appellate counsel.  See Dkt. No. 78.  After consideration of those claims, this court denied Petitioner's § 2255 motion by Memorandum, Decision and Order on December 31, 2002.  See Dkt. No. 96.

Petitioner never appealed the December 31, 2002 MDO, but instead filed several motions in this court seeking relief therefrom.  On October 17, 2003, this court denied those motions as "second or successive," which included a March 13, 2003 motion for a new trial with supporting affidavits, filed at Docket Numbers 115-127.  See Dkt. No. 156.  Thereafter, Petitioner failed to timely file an application to the Second Circuit for authorization to file a second or successive habeas petition in this court.  Consequently, the Second Circuit denied authorization pursuant to Liriano v. United States, 95 F.3d 119 (2d Cir. 1996).

See Dkt. No. 159.  Petitioner again sought leave from the Second Circuit to file a second or successive petition in this court, and moved to reinstate his earlier application for said relief.  On February 5, 2004, the Second Circuit denied Petitioner's application as failing to meet the requirements of 28 U.S.C. §§ 2244(a); 2255 ¶ 8.  See Dkt. No. 161.  Petitioner, having previously appeared *pro se*, now represented by appellate counsel[1] filed a "[m]otion for reconsideration of [his] application for leave to file a second habeas corpus petition in the district court and not to deem the petition second and successive but rather as an amendment to the initial petition which has not been finally adjudicated." Mandate, Dkt. No. 164.  The Second Circuit granted Petitioner's motion for reconsideration, and remanded to this court pursuant to Whab, 408 F.3d 116.  See id.

### III.   Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner may not file a "second or successive" petition for relief under 28 U.S.C. § 2255 without first obtaining permission of the court of appeals. See 28 U.S.C. §§ 2244(b)(3)(A), 2255.  In Whab, the Court of Appeals for the Second Circuit held that "so long as appellate proceedings following the district court's dismissal of the initial petition remain pending when a subsequent petition is filed, the subsequent petition does not come within AEDPA's gatekeeping provision for 'second or successive' petitions."  Whab, 408 F.3d at 118.

In support of Petitioner's motion for reconsideration, counsel for Petitioner argued that the initial § 2255 motion in this case has not been finally adjudicated, and thus, "in light of" Whab, the petition at issue should be deemed an amendment

---

[1] Petitioner's appellate counsel has not filed a notice of appearance with this Court.

to the initial § 2255 motion.  See Aff. of Bettina Schein, Aug. 10, 2005, at ¶ 2 ("Schein Aff.").  It is Petitioner's position that subsequent to the June 12, 2002 remand, but prior to this court's December 31, 2002 MDO, he "raised new matters which amended [his] first 2255 application."  Schein Aff. at ¶ 4, ¶ 7.  Petitioner further clarifies that this "amendment" was filed as a motion for a new trial on March 13, 2003, and that because no final adjudication of this motion has been reached, it should be treated as a motion to amend his initial § 2255 motion. Schein Aff. at ¶¶ 8-9.

Upon review of the procedural background of this case, it is clear to this court that the purported "amendment" of Petitioner's initial § 2255 motion was in fact a motion for a new trial which was denied, and thus finally adjudicated, by this court in its underlying October 17, 2003 MDO.  Moreover, Whab does not apply to the procedural facts of this case, as there was no pending appeal of this court's December 31, 2002 order, or any previous of its orders regarding Petitioner, at the time the court issued the October 17, 2003 MDO denying Petitioner's motions as "second or successive."  Therefore, in accordance with this court's October 17, 2003 MDO, Petitioner's motions for relief docketed at 115, 129, 132, 136 and 144 are denied as second or successive.

## *IV.  Conclusion*

Upon remand pursuant to the April 14, 2006 mandate of the Court of Appeals for the Second Circuit, this court determines that Whab v. United States, 408 F.3d 116 (2d Cir. 2005) is inapplicable to the procedural facts of this case and accordingly reaffirms its October 17, 2003 Memorandum, Decision and Order.

The Clerk of the Court is directed to serve a copy of this order by regular mail to petitioner, Jaime A. Davidson, and is directed to mail a courtesy copy to

Petitioner's appellate counsel, Bettina Schein, at 260 Madison Avenue, New York, New York, 10016.

    IT IS SO ORDERED.

DATED:    June 25, 2008
              Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge